PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
FILED

OCT 18 2022

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

FOR THE <u>Southern</u> DISTRICT OF TEXAS

<u>Houston</u> DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

<u>Roy Eugene Ussery</u>
PETITIONER
(Full name of Petitioner)

<u>William P. Clements Unit</u>
CURRENT PLACE OF CONFINEMENT

vs.

<u>02204802</u>
PRISONER ID NUMBER

<u>Brian Collier, Director TDCJ</u>
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis.* To proceed *in forma pauperis,* (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑ / A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.

☐   A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)

☐ / A disciplinary proceeding.                    (Answer Questions 1-4,15-19 & 20-25)

☑ / Other: _State Habeas Proceedings_            (Answer Questions 1-4, 10-11 & 20-25)
   _DIRECT APPEAL OPINION_

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

_338th District Court of Harris_
_County, Texas_

2.   Date of judgment of conviction: _____ _June 15, 2018_

3.   Length of sentence: _35 years_

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _Super Aggravated Sexual Assault of a_
_Child Under 6 ; #1459846_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☒ Not Guilty      ☐ Guilty      ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☒ Jury      ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☒ No

8.  Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _1st Court of Appeals_      Cause Number (if known) _01-18-00540-CR_

    What was the result of your direct appeal (affirmed, modified or reversed)? _Affirmed_

    What was the date of that decision? _November 26, 2019_

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _See Attached: Nearly every ground raised in State PCW was 1st raised in Motion For Rehearing & then PDR_

    Result: _Refused: PDR      DENIED: Motion For Rehearing_

    Date of result: _03-25-2020_   Cause Number (if known): _PD-0011-20_

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _Denied   Docket # 20-5898_

    Date of result: _December 7, 2020_

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _Court of Criminal Appeals_

    Nature of proceeding: _State Writ of habeas Corpus_

    Cause number (if known): _WR-85,165-03_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____ July 9th, 2021 _____

~~See Attached~~ Grounds raised: _All Grounds raised in this 22.54 were raised in State petition except 30-33 in 22.54; Some Combined_

Date of final decision: _____ August 24, 2022 _____

What was the decision? ___ Denied without written order ___

Name of court that issued the final decision: _Court of Criminal Appeals of Tx_

As to any <u>second</u> petition, application or (motion), give the same information:

Name of court: _Court of Criminal Appeals of Texas_

Nature of proceeding: _Pro Se Motion For Reconsideration on Habeas_

Cause number (if known): _Same: WR-85,165-03_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _executed & mailed on September 3rd, 2022 at Unit of Confinement_

See Attached
Grounds raised: _Double Jeopardy on habeas; No Jurisdiction; Collateral Estoppel prohibits April 19,2022 Findings; State's Findings Submitted Late; Doctrine of Laches bars consideration of April 19 proposal; Appointed Counsel failed to brief application; Applicant denied opportunity to fix errors in App._

Date of final decision: _____ As of date filing 22.54, no response

What was the decision? _____ has been issued by the

Name of court that issued the final decision: _Court of action/Motion_

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

    (a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _____ N|A _____

    (b)    Give the date and length of the sentence to be served in the future: _____ N|A

-4-

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☒ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____ N|A _____

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☒ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☒ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☒ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____ N|A _____

Disciplinary case number: _____ N|A _____

What was the nature of the disciplinary charge against you? _____ N|A _____

18.    Date you were found guilty of the disciplinary violation: _____ N|A _____

Did you lose previously earned good-time days?    ☐ Yes    ☒ No

If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____ S|A _____

Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status: _____ N|A _____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☒ No

If your answer to Question 19 is "yes," answer the following:

Step I Result: _____ N|A _____

Date of Result: _____ N|A

Step 2 Result: _____ N|A

Date of Result: _____ N|A

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u> Index of Abbreviations in grounds: Trial Transcripts and Reporter's Record (RR); Volume (vol); Page number (p)(pg).

A.  **GROUND ONE:** Denied liberty without due process of law required by the 14th Amend. & 6th of the U.S.Constitution because the Jury's verdict on the Special Issue was an acquittal as the state failed to meet its burden and prove all elements beyond a reasonable doubt, including facts for mandatory minimums; Conviction violates Apprendi V. N.J. and Alleyne v. U.S.; reverse for acquittal required as conviction is both factually and legally insufficient; defendant is actually innocent of the offense indicted and charged.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Tr. Counsel committed to raising proper charge issues to his client but failed; He raised issues pretrial but state insisted it could prove charged offense and date; day of trial, counsel objected (RRVol2p43); State ELECTED on the greater offense language 'Child Under Six' as a "different offense"(RRVol2p44) which increased the mandatory minimum & offense level (as well as set the burden for the State); Tr. Judge defined offense to jury panel as 'child under six' with a mandatory sentencing range of 25-99yrs & COMMITTED the entire panel to this range (RRVol4p43, 62,76,102,125;RRVol5p72,149,154-156);Statute PC 22.021(f)(1)'s 'Child Under Six' language became effective for offenses committed on or AFTER September 1, 2007; Offense date alleged in the indictment was January 27, 2008; Tr. Counsel objected to date issue in sentencing phase (required by Tex.CCP 37.07 for capital sentencing trial structure of increased mandatory minimums such as the 'Child Under Six language of Tex. PC 22.021(f)(1)) because fact issues during trial raised by the evidence and testimony established a definite Date issue and Special Issue was submitted to the jury & returned a unanimous verdict that the State DID NOT prove beyond a reasonable doubt that the defendant committed the charged offense ON OR AFTER 09-01-2007 (RRVol0p.107) but for constitutional error, result of trial would be different resulting in acquittal

B.  **GROUND TWO:** Denied liberty without due process of law required by the 14th Amend.&6th of the U.S.Constitution resulting in Double Jeopardy violation which is apparent from the record and no procedural default serves a legitimate purpose; Denied right to Jury Trial when Special Issue verdict was improperly used for finding of guilt necessary to sentence applicant to unpled offense and un-requested lesser offense of different language and different range of punishment; defendant is actually innocent of the offense indicted and charged

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Only offense-level-language-description and date contemplated for prosecution by State which put defendant on notice was offense language for Tex.P C.22.021(f)(1), a statute effective for offenses committed ON OR AFTER 09-01-2007(Acts2007,80th Leg.); Indictment and Charge alleged offense date 01-27-2008 & Statutory language of 'Child Under Six' which invoked the mandatory minimum increase to 25yrs with any sentence being without parole which is why State insisted on language as "different offense"(RRvol 2 p44); over defense objection (RRvol 2 p44) and even insisted on offense level and date pretrial; Because state was insistent on ONLY consideration for P.C.22.021(f)(1)'s increased mandatory minimum, the only date range which could apply for conviction for the offense would be a date ON OR AFTER 09-01-2007; Jury returned a unanimous verdict on Special Issue that State DID NOT prove beyond a reasonable doubt that Defendant committed offense on or after 09-01-2007 (RRvol 10 p107); thus at sentencing Judge required the jury to sentence for range applicable to P.C.22.021 prior to 09-01-2007's enactment of subsection (f)(1); Tr. Counsel was required to argue a conflict of interest for arguing sentence this way when his client's plea was not guilty; but for counsel's failure to insist on directed verdict or failure to object to improper instructions, the result of the trial would have been different

-6-

C. **GROUND THREE:** Denied liberty without due process of law required by 14th Amend. to
U.S.Constitution resulting in illegal sentence as the court *rendered void convictions* & sentence
due to absolute limitations bar because offense prosecuted and charged and defined required proof
beyond a reasonable doubt that offense was committed ON OR AFTER 09-01-2007; No other offense was
charged at guilt-innocence nor defined by law otherwise, acquittal would have resulted *as no
evidence exist to support conviction of lesser offense*

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Only offense-level-description-language & date contemplated for prosecution by State which put
defendant on notice was offense language for PC 22.021(f)(1), a statute effective for offenses
committed ON OR AFTER 09-01-2007 (Acts2007, 80th Leg.); Indictment & Charge alleged offense date
01-27-2008 & Statutory language of 'Child Under Six' which invoked capital sentencing trial pro-
cedures because a finding of guilt would have resulted in mandatory sentencing guidelines of 25-

99yrs without parole and required the jury to commit to such during voire dire and is also the
very reason the State insisted on language as "different offense"(RRvol 2 p44) over defense obj-
ection (RRvol 2 p43) and even insisted on offense date pretrial with defense counsel after defense
counsel repeatedly raised the date and accusation as an impossibility; Therefore State chose its
charge and burden and the only date range which could apply for conviction was for ON OR AFTER
09-01-2007; No other offense of lesser included or other language was submitted for the jury's
consideration nor was any other offense language defined ; however, at sentencing jury returned
unanimous verdict that the state did not prove beyond a reasonable doubt an offense date on or
after 09-01-2007 (RRvol 10 p107); yet sentencing proceeded for other offense under same statute
which was never submitted to jury, was a different range than committed to, & not prosecuted,
*but for constitutional error, no reasonable jurist would have found for guilt.*

D. **GROUND FOUR:** Denied due process of law (14th & 6th Amend. U.S.C.) by denying right
to jury trial as Tr.Court allowed for sentence to be pronounced for offense not submitted to the
jury; Tr Court erred in failing to instruct the jury on any definition or sentencing range at jury
selection or guilt-innocence phase other than PC 22.021(f)(1) resulting in harm *by convicting
one who is actually innocent*
* (see Attachment for pages numbered 7A - 7K for other grounds)
   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
INdictment and charge alleged offense date 01-27-2008 & statutory language 'Child Under Six' and
trial proceeded under mandatory sentencing procedures specific to that offense description as a
"different offense" (RRvol 2 p44) over defense objection (RRvol 2 p43);It was expl;ained that P.C.
22.021(f)(1) as pled was an offense all its own & any other consideration for offense under PC
22.021 would be a lesser offense that would have to be defined and submitted to the jury by State
and trial would have began with committing jurors to lesser punishment range and the submission of
22.021(f)(1) for consideration as an enhancement rather than an element; Commencing automatically
under 22.021(f)(1) conviction could only apply for offenses committed on or after 09-01-2007, the
effective date of the 'Child Under Six' language increasing the mandatory minimum; At sentencing
the jury returned unanimously that State DID NOT prove beyond a reasonable doubt that Defendant
committed offense ON OR AFTER 09-01-2007 (RRvol 10 p107); Judge provided no outlet for verdict of
acquittal with this finding nor any accurate definition for any lesser offense determinate for
sentencing range lesser than 25-99yrs and required defense counsel to argue conflict of interest;
Jury was allowed to sentence for offense range ~~was~~ without a finding for guilt of lesser offense

   21.   Relief sought in this petition: Relief sought is for reversal of the conviction and finding of
acquittal as the result of the unanimous verdict returned by the jury that State did not meet its
burden by proving an offense was committed ON OR AFTER 09-01-2007; additionally because the facts
alleged in the case do not comport at ALL for having been committed PRIOR to 09-01-2007 and thus

the evidence is insufficient for conviction of any lesser offense; Truly applicant was put to
~~Double jeopardy being sentenced to an offense not submitted to jury who also returned a verdict~~
~~of acquittal to the higher felony; Additionally any relief necessary to the fact that Counsel~~
~~argued a conflict of interest in presenting a Not Guilty plea for trial and ambiguously arguing~~
~~for sentencing under different range of punishment under statute for different offense as a re-~~
~~sult of the jury's verdict on the Special Issue instead of asking for an acquittal which would~~
~~have still supported his clients pleas; Additionally any relief necessary to the fact that jury~~
~~was biased to their commitment to mandatory 25-99 range of punishment upon finding of guilt in~~
~~violation of ex post facto legislation laws; and any other relief available to applicant in con-~~
~~sideration of his actual innocence of the offense charged.~~ An additional finding that the doc-
trine of collateral estoppel bars any future reconviction of any greater or lesser offense re-
lated to this charge or alleged offense. Or in the alternative, a finding for the denial of the
applicant his right to speedy trial and reversal with dismissal  preference of acquittal; *other
relief sought is for Certificate of Appeal for remand to Direct Appeal process
or Remand/stay to return to state high court for fair process & review
of claims not reviewed by state and/or unfairly considered contrary
to the facts presented. Additionally request for COA issuance on writ
on reversal and remand for new trial, or declare mistrial.*

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

_____ N\A _____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☑ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☑ Yes   ☐ No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

IAC for arguing conflict of interest has now been raised as its own ground(13) but <u>was</u> argued on State PCW filings; Also that claim and actual innocence claim (30)(also now its own ground) were both intended for use to show cause to Tr.Ct. for excusing any bar to review of other claims but was not fairly presented & considered because court forced Representation on habeas(New Gr.32); ~~New Ground 31 raises Double Jeopardy on Habeas and could not be previously raised for it is the~~ issue created by result of proceedings on State Habeas Writ Application as is the same for 32 & 33; Gr. 32 Raises denial of right to represent self in proceedings & fairly process appeal (PCW) Gr. 33 Raises an equal protection claim asserting State allowed late & improper filing of facts (PCW)

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☑ Yes   ☐ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Motion For Rehearing & State PCW - Sept. 3, 2022 - Court of Criminal Appeals

Petitioner intends to File a Federal Direct Collateral Review of Claims once this 22.54 petition is filed; State is denying Fair 1st review

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joe Ray Rodriguez of Rodriguez & Associates, Houston, TX (could not locate address info)

(b) At arraignment and plea: R.P. 'Skip' Cornelius; 2028 Buffalo Terrace Houston, TX 77019

(c) At trial: R.P. 'Skip' Cornelius 2028 Buffalo Terrace Houston, TX 77019

(d) At sentencing: R.P. Skip Cornelius 2028 Buffalo Terrace Houston, TX 77019

(e) On appeal: Cheri Duncan; Public Defenders Office 1201 Franklin, 13th Floor Houston, TX 77002

(f) In any post-conviction proceeding: Tom Abbate 400 Louisiana St. Suite 200 Houston, TX 77002

-8-

(g)     On appeal from any ruling against you in a post-conviction proceeding: *Pro Se*

*Motion For Rehearing PCW; (self) Roy Ussery #02204802*
*9601 SPUR 591*
*Amarillo, TX 79107*

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Judgement & Sentence rendered in this cause No.1459846 on June 15,2018; Appeal followed: 1st COA affirmed November 26,2019; in Cause No. 01-18-00540-CR; An extension of time was granted to file a Motion For Rehearing in same cause number until February 28,2020; Said Motion For Rehearing was denied on April 7, 2020; Petitition For Descretionary Review was already filed with the Court of Criminal Appeals Cause No PD-0011-20 which was denied oR Refused on March 25, 2020; A timely filed request for extension of time to file a motion for rehearing of the Petition For Discretionary Review was Denied on June 24, 2020 making the date of this denial the latest action of the courts in response to timely filed motions and petitions relating to this conviction; the 90 day tolling period for filing a petition for discretionary review is measured from this date, however the Supreme Court had issued an order during Covid in 2020 which gave an automatic 60 day extension of time to file a Petition For Writ of Certiorari which would have made such petition in this case due by 150 of June 24, 2020 mak9ing it due by November 21, 2020; however it was already *(20-5898)* filed by then and docketed by the Court and Denied on December 7,2020 which is technically the date the 1-year limitations period begins in this case; however, petitioner has documentation to support the fact that he did not become aware of the denial of his petition for writ of certiorari until March of 2021; reserving this fact for any future argument petitioners calculations will state his tolling period to begin December 7, 2020 as he percieves no impediment with the use of this date; Petitioner filed a Writ of Habeas Corpus in State Court with a filing date of July 7, 2021 having mailed it from his institution two weeks earlier on June 21,2021; the period not tolled from December 7, 2020 to June 21, 2021 is 196 days meaning 171 days still remain in the petitioner's 1-year limitations period not otherwise tolled by pending petitions as petitioners State writ of habeas corpus was denied on August 24,2022 and by date of filing of this petition the petitioner is still within his 90 day reviewable period for writ of certiorari on habeas.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

Signature of ~~Attorney (if any)~~ Petitioner

*Roy Ussery (Petitioner)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

*October 18th, 2022* _____ (month, day, year).

Executed (signed) on ___ *October 18, 2022* ___ (date).

Signature of Petitioner (required)

Petitioner's current address: *Roy Eugene Ussery #02204802*

*9601 SPUR 591 Amarillo, TX 79107*

ATTACHMENT FOR QUESTIONS 9 & 11

Question 9A: Grounds Raised on Direct Appeal

Ground: Denied Right To Speedy Trial

Grounds Raised in Motion For Rehearing and Petition For Discretionary Review
Motion For Rehearing was submitted to 1st COA in Cause No. 01-18-00540-CR
Petition For Discretionary Review was submitted to Court of Criminal Appeals in Cause NoPD0011-20

Grounds Raised in Points For Review: on Rehearing and PDR:(Pertaining to Direct Appeal Brief
(Denied Right To Speedy Trial)
Appellant asserted COA did not properly consider facts within the record;that 1)Statement of the
deceased witness was a)work product of the defense; b)was discovered by the defense; & c)reveals
an early defensive theory;  2)Prior to indictment defense documented intent to use the witness to
establish a defensive theory and State did not offer notice of their intent to use witness or the
associated extraneous offense relating to witness until AFTER the death of the witness; a)that the
State did not avoid prejudicing the defense simply by abandoning its intent to use this extraneous
offense evidence;b)that State in fact made ambiguous assertion of intent to 'abandon' use of this
extraneous offense evidence;c)that record PROVES the defense produced the witness statement making
it necessary to reconsider the Barker factors;d)and record shows the State knew this statement was
turned over to them by the defense along with a related defensive theory as State provided defense
counsel withh the Grand Jury Packet establishing that the State knowingly allowed the COA to
falsely construe the witness' statement as the work product of the State;  3)Three years prior to
trial Defense Counsel advised his client that his defensive strategy included the in court test-
imony of the defendant but the witness died affecting AAppellants ability to testify; a)appellant
testimony was only witness who could provide contraverting and exculpatory evidence in rebuttal to
the allegations yet appellants ability to testify without fear of prejudice was now impossible due
to the death of the witness; 4)Issues could have been raised and argued under Appellant's defens-
ive theory but were not properly confronted by defense counsel for fear of unfair prejudice;

ADDITIONAL ISSUES RAISED FOR FIRST TIME IN MOTION FOR REHEARING AND ON PETITION FOR DICRETIONARY
REVIEW WHICH APPELLATE COUNSEL DID NOT RAISE ON APPEAL DESPITE HIS CLIENT'S REQUESTS:
(Miscellaneous)
If defense was able to disprove the date alleged or any date after, then appellant would have been
acquitted (defendant so advised);Advised offense language was prejudicial becaee enhanced punishme
nt range was for offenses committed on or after 09-01-2007 and would effectr juror selection;The
prosecutor was certain she could prove the date and ELECTED date and offense for prosecution;as it
was a 'different offense';counsel advised that charged offense was a separate offense specific
enough that every element of the offense including a date AFTER 09-01-2007 had to be proven in
order to sufficientl;y support a conviction (Conviction Legally & Factually insufficient); The
findings in the Special Issue was an acquittal;Judgement or sentence was illegally reformed in its
intentx (not interdilineated) to stand for a lesser-offense not requested by the State permitting
the State to have all the benefits and none of the risks of its trial strategy while the accused
bore all of its risks and none of the protections of its trial strfategy; Sentencing proceed for
a lesser-offense which was not submitted to the jury during guilt or innocence;the Court and pro-
secutor attempted to correct charge by sentencing under sentencing laws for a lesser-included off-
ense which was not submitted to the jury rendering the guilty verdict VOID;Constructive Amendment
to indictment with change of offense date, evidence incorrectly used to establish charge different
from indictment, and jury instructions broadening scope of the indictment to uncharged offense;the
judgement reflects conviction for the charged offense and date with TDCJ carrying out Appellant's
sentence based on the original language and date of offense;Statutes 22 021(f)(1) & Gov t Code
508145(a) operate retroactively and are being applied retroactively to appellants current sentence
and TDCJ has classified him under Jessica's Law; The retroactive application of these laws & sta-
tutes to appellants sentence violates the ex post facto laws of both the U.S. & Texas Constitution
witrh othe ex post facto violations stemming from defense having no choice but to select jurors
who would ONLY consider 25 years as a minimum & no bias was exposed for potential jurors who sat
related to thier ability to consider 5 years as a minimum, the supposed minimum used ultimately at

sentencing phase though selected jurors were COMMITTED to 25-99yr range to sit for jury;One juror excused solely on thier inability to consider 25years as a minimum;State assumed its own higher burden of proof in the charge;State abandoned any lesser-included offense because State is who insisted oin the language as a different offense (with mandatory range of 25-99);The burden of proof was improperly shifted to the defendant when his favorable verdict in the special issue was somehow used to establish guilt of a lesser offense which was not submitted to the jury resulting in finding of guilt and sentence without due process;The jury was improperly informed on the application of the law to the offense charged resulting in an improper finding on the guilty verdict as the date of offense WAS relevant to proving the 'different offense' referred to by prosecutor in the PC statute as well as relevant to the factual allegations being made;PC 22.021 is the same offense as 22.011 but raised to an aggravated level based on different variances in language used and the 'child under six' language was prejudicial because ix it presumed a date of on or after 09-01-2007 the date the statute was amended to include the 'child under six' language which raised such offense to a capital sentencing scheme offense;Lesser-offense must have either been requested as a charge during objections or the lesser-included would have had to have been submitted to the jury during guilt phase in order to satisfy due process;Even when 'child under six' aggravating factor is removed from language upon the same finding by the jury in the special issue, at best for the State what is left is 'Sexual Assault of a Child; the offense of 22.011 which has a punishment range of 2-20yrsa;With proper notice of an applicable punishment range being of paramount import in a defendant's decision to proceed to trial as is the charge he is subject to for prosecution, effecting selection of triasl strategy and formation of the jury, the idea that a trial can be fair or that Due Process can be satisfied when the Trial Court can so arbitrarily prononce sentence is preposterous;enhanced and MANDATORY sentencing guideline which was relative to the prosecutions theory has so obviously affected pre-trial,the plea process, jury selection, trial,and a verdict where reasonable doubt was not properly considered and the conviction could not be upheld as sufficient and sound where so many state and U.S. Constitutional violations exisat;Conviction was a manifest miscarriage of justice;Additionally appellant submitted a motion to represent himself at trial and requested a Ferretta Hearing but this request was ignored by the court;Jurors were chosen Comitted to consider ONLY punishment range applicable to the mandatory language and a mandatory presumption is a per se violation of the due process rights of the accused because it impermissibly shifts the burden of proof from the prosecution to the Appellant;this presumption affected the procedures for trial in violatioin of ex post facto laws such as those under Tex.CCP 37.07,37.071,37.08,37.09,37.12,38.07,38.071,and 37.072;;Only date range AFTER 09-01-2007 fits the facts alleged in the complaint and any date prior to would not support the allegation factually & would therefore be insufficient and appellants verdict of guilt should be reformed to reflect an acquittal;State also ONLY considered plea offers for an offense and punishment range which would have violated ex post facto laws;State's determined intent of proving a date range Appellant knew to be impossible was the most influential factor considered by Appellant when deciding to go to trial because appellant knew opportunity would be an issue as he was not around AFTER 09-01-2007 and any range prior to 09-01-2007 did not fit the facts outlined in allegations nor did the date range available for consideration by the4 jury for the offense as charged in the indictment;The State s use and Court's application of a statute in such a way that violated State and U S Constitution resulted in an unfair trial in violation of appellants rights to : Due Process;a fair and impartial jury; a fair and speedy trial ; Effective representatiom of Trial Counsel; Proper admonishment from the Court related to the charge and instructions on the applicable law; Proper indictment by Grand Jury; Proper reasonable doubt instructions for verdict; Proper Notice; Availability to make correctly informed decisions to go to trial;Effective representation of Appellate Counsel;and many other rights which may not have been specified but which are apparent to the Court in their liberal consideration of Appellant's issues.

Question 11: Grounds Raised ON State Post-Conviction Application For Writ of Habes Corpus

All Grounds raised in 22.54 except grounds 30 & 31 were raised in State Habeas application;Ground 13 although listed on 22.54 as not being raised, petitioner just wanted to point out that ground 13 in habeas at State was different only in how it is being raisedby titling the issue specific to its own ground although the issue itself was raised repeatedly and intended for use in rebuttalsxx as was the actual innocence claim intended to be raised to show cause to excuse defaults(Ground30)

State habeas application had additional grounds which severed issues raised in this petition:
Grounds 22 & 23 which have been consolidated for this petition but which were raised in State PCW
as several seperate grounds showing cause and prejudice resulting from the same errors & facts.
Ground 34% Re-raises the issue for the denial of speedy trial originally raised in Direct Appeal
as the misapplication of the Barker Factors by the 1st COA warrants the Courts attention here and
was not raised on State habeas as an independent ground because a state court of appeals had alr-
eady reached the merits of the claim albeit without proper consideration of the facts & application
of standard for review;


Motion For Rehearing XXXXXXXX of State habeas application:
Grounds Raised:
1) Double Jeopardy violation on habeas proceedings;2)Trial Court was without jurisdiction to rule
a second time on habeas resulting from the same proceedings;3)Collateral Estoppel prevents trial
Court from re-deciding issues of fact already decided from same proceedings;4)State filed an out
of time response (in the form of proposed facts) to application;5)Doctrine of Laches operates as
bar to consideration of State's Proposed Findings of Fact submitted April 19,2022;6)Assigned
counsel failed to brief application;7)Applicant not made aware of nor given opportunity to fix
any errors in application

Question 9B: Grounds Raised on Petition For Disceretionary Review of Direct Appeal

Independent Grounds:(Petitioner was unable to retain or obtain a copy of his PDR filed with the
Court of Criminal Appeals of Texas & is listing grounds outlined on a rough draft of PDR which
may not contain all claims raised or the accuracy of particular language used)

1)Was it abuse of discretion of trial court to delay trial setting for 10 months instead of trans-
ferring to another Court as ultimately resulted?  Affected Speedy Trial;
2)Do Pro Se filings of an accused constitute an assertion of right to speedy trial by accused?
  a)Where repetitive requests by accused is made, but counsel fails to formally motion demand for
  speedy trial, should counsels failure weigh against defendant when it is defendants right to a
  speedy trial which is affected by defendants actual assertion for speedy trial & not counsels?
  b)Where record shows defendant filed request to proceed pro se dismissing counsel precisely be-
  cause his pro se filings for speedy trial were not being heard by the court while represented by
  counsel--which is the justification by COA for not considering pro se filings as assertion of
  right as dual representation not available--should Barker factor be reconsidered on showing that
  defendant knew his attorneys inaction was at issue and was trying to remedy diligently pre-trial?
3)Where the record can establish for the prejudice factor in contravention of COA's determination:
  a)Deceased witness recantation was work product of defense;b)State's abandonment of juvenile off
  ense was ambiguous and only became relevant to State because their notice to use juvenile offens
  was not provided to defense until AFTER the death of the witness;abandonment should not have
  reconciled prejudice caused by death when States intent prior to death is not seen in record;
  b?c)Abuse of discretion by court to reset January 2017 setting caused harm in that witness was
  still alive and available to testify;Court reset due to State's election for capital offense;
  d)An early defensive theory was given by original defense counsel which outlined testimony of
  deceased witness;e)Defensive theory was not able to be explored due to the unavailebility of the
  deceased witness which also affected defendants ability to testify;F)objections to testimony and
  prosecutor conduct was unable to be explored and confronted with impeachment evidence because
  recorded evidence contained: prejudicial information related to deceased witness who was the only
  person who could overcome or rebut prejudicial effect;g)State's Brady disclosure of witness'
  death and recent filing of notice of intent to use juvenile offense both occurred AFTER death of
  witness and appeared to be performed in a bad faith effort to provide cover to excuse the pre-
  judicial effect of delay in trial related to the death of who the State knew to be a def. witnes
4) Appellate Counsel did not have full understanding of facts in case which resulted in incorrect
  assertions in her brief for appellant;
5)COA opinion was based on incorrect determination of facts apparent from the record;
6) Petitioners trial began as a 'capital offense' trial procedure, does the sentence violate the

rule established in Beck 477, 100 S.Ct.2382(where held "a sentence [maynot] constitutionally be imposed after a jury verdict of guilt of a capital offense, when the jury was not permitted to consider a verdict of guilt of a lesser-included non-capital offense when the evidence would have supported such a verdict

7)Because reasonable doubt element extends to the elements that distinguish a more serious crime from a less serious one,and by States own election State failed to meet the burden of proof, does the Jury's verdict on Special Issue reflect an acquittal?

8)Was a the jury improperly instructed on reasonable doubt during guilt/innocence phase?

9)Did the burden of proof improperly shift to the defendant in sentencing phase benefiting State?

10) Is the evidence legally insufficient to support conviction for the offense charged?

11) Is the evidence factually insufficient to support conviction of lesser offense pre-09-01-2007

12) Was appellant denied liberty without due process of law because evidence at trial was insufficient to prove either greater or lesser offense beyond a reasonable doubt?

13) Should the state be given the benefit (conviction) of a jury instruction it failed to request despite objections by defense when State's election of offense & language set procedures for trial that affected evidence rules, juror selection, trial delay & cause of defense Special Issue?

14)Did the State assume a higher burden of proof with election of language for offense as 'difference'

15) Did the exclusion of juror #15 on the second day of trial for inability to consider 25yrs as a low end for punishment constitute reversible error where jurors were committed to rangein error;

16) Where limiting voire dire of panel to presumptive facts denied appellant his right to use of intelligent peremptory challenges and cause and proper exposure of bias to lesser range:

   a)if lesser offense is somehow sufficient, then did voire dire limitations on punishment range violate ex post facto laws by committing panel to higher offense range not in effect pre-09-2007

   b)Conversely did this violate ex post facto by denying appellatnt the ability to expose jurors to bias against a 5yr minimum and ability to prepare pre-trial an application for probation;

   c)Did improper impact on juror selection create correlating effect on verdict w/juror dismissal;

   d)Was appellate counsel ineffective for failure to request new trial based on this reasoning?

   e)was it an abuse of discretion for court to allow state to apply mandatory capital sentence range or an abuse of discretion to allow sentence for offense and range not offered to panel at selection and not contemplated nor requested bny the State?;

   f)Or did Voire Dire establish an irreversible higher burden of proof set by State's ELECTION;

17)Did the trial court lack authority to sentence Appellant under a range applicable to a lesser offense which was not submitted to the jury at guilt/innocence and due process not satisfied?

18)Did the trial court violate Double Jeopardy by re-assigning sentence for lesser offense which was not submitted to the jury after Jury's verdict in Special Issue rendered acquittal of greater?

19)Did the practice and tactics of the State betray fundamental principals of the Due Process Clause on the State's presumption that the Capital Offense was the ONLY possible charge for conviction?

20) Wasa Pen.22.021(f)(1) at start retroactively applied to case in violation of Article 1, Section 9, cl 3 & Art. 1, Section 10, cl 1 of the U.S. Constitution and generally violative of the ex post facto laws of the U.S. and Texas constitutions?

21) Appellant's current judgement reflects original language of capital offense sought for prosecution but Special Issue verdict does not support this nor does it support the offense data listed but Jessica's Law (ACT 2007) & Gov't Cod 508.149 & 508.145(c) act retrospective to the purported offense as they are being retroactively applied to appellant's sentence(specifically PC 22.021(f)(1)) which violates ex post facto laws of the U.S. and Texas Constitutions;

22) Because the enhancement language was included in the primary language of offense, trial procedures were followed based on presumption that language and date range was ABSOLUTELY correct even over defense objection, thus did State abandon lesser offense due to "go for broke" strategy?

23) Because an aggravating element must be alleged and proven to raise sexual assault 22.011 to aggravated sexual assault 22 021, but 'Child Under six' averment cannot be considered for period prior to September 1, 2007 and no other aggravating element language was offered, does only the lesser offense of sexual assault 22.011 remain where no aggravation was properly presented?

24) List provided in Petition For Discretionary Review should preserve all issues for review

25) Appellant asserted ineffective assistance of counsel claims could only be presented with record

26) Was advice of trial counsel given in error when State was firm it could prove meeting date of

2008 and counsel advised element of offense advised in primary language of indictment would have to be proven by date of offense of on or after 09-01-2007 or defense would prove 'NO CRIME WAS COMMITTED' rendering an acquittal but this depended on trial commencing under mandatory guidels; 27) Was the advice given by counsel on the application of the law to the charged offense in error? 28) Was it counsel's failure to act on issues raised by his client or State's presumption of fact & Courts inaction which resulted in the unfair trial, including plea process, juror selection, and ultimately an ambiguous burden of proof and faulty reasonable doubt instructions ?

Compilation of Sub-Related Issues:
-Jury Charge   -Jury Instructions   -Presumptive mandatory statue   -Ambiguous date of offense
--Prosecutorial Overreaching   -Void Guilty Verdict   -Fatal variance in offense alleged & evidence
-Constructive Amendment of Indictment/Charge   -Jury misinformed on application of the law
-Current sentence skewed by proceedings 20 years (25yr min. minus 5yr min. = 20yrs), at least
-Request for hearing to proceed pro se was ignored by trial court   -Trial procedures were affected
by retroactive application of statutes regardsing evidence, hearings, & more under CCP, PC, & ROE
-Plea bargain process followed was based on sentencing guidelines which ONLYW would have resulted
in a sentence which violated ex post facto laws , unfairly affecting trial decisions
-State's certainty of proving a date after 09-01-2007, a period appellant KNEW was impossible  &
was the only date range available for conviction of offense;he did not understand that any date
prior to that could be considered for charged offense & date range prior to 09-01-2007 did not
comport with the allegations; counsel argued for sentence applicable to range & offense not submit
ted to jury and was in conflict with advice given to client and the plea he had entered of not guilty
-Denied Right to compulsory process to produce witness
-Improper Outcry Witness

ATTACHMENT FOR QUESTION 20
(11 PAGES)

GROUND FIVE: Denied fair process and right to appeal for Appellate Counsels failure to raise a claim the evidence was factually insufficient to support finding for guilt prior to 09-01-2007 and legally insufficient based on Jury's finding in the special issue, and thus reserve issue for further review & process of appeal; Applicant DID raise issues on appeal in Motion For Rehearing En Banc with Court or Appeals and in a Petition For Discretionary Review with Court Criminal App.

FACTS SUPPORTING GROUND:

The jury's verdict on Special Issue was unanimous that State DID NOT prove beyond a reasonable doubt that applicant committed any offense on or after 09-01-2007 (RRvol 10 p107); Even had a lesser-included offense been submitted at guilt-innocence, the evidence & testimony presented would be factually insufficient to support any conviction for an offense PRIOR to 09-01-2007 because the allegations of complainant do not factually establish the commission of this alleged offense prior to 09-01-2007; The allegations only comport with an action having been committed on or after 01-27-2008 which is why the State chose that date for an offense date in the indictment; facts arose at trial which clearly indicated to the jury the impossibility that the applicant could have even had the opportunity to commit this offense on or after 09-01-2007 which is why the special issue was raised to the jury; this fact is also the reason applicant understood that going to trial and establishing this date issue would result in an acquittal to the offense and not instead result in an illegal sentencing to the sentencing structure which applied to the same statute prior to 09-01-2007; even the allegations themself did not align with that date range raising issue on appeal; Appeal Counsel would have shown conviction resulted of one who is actually innocent.

GROUND SIX: Denied liberty without due process of law (14th Amend & 6th Amend. U.S.C.) when applicant's denial of right to effective counsel resulted in denial of applicant's Right To Speedy Trial as counsel failed to motion early for speedy trial as requested by his client and failed to present facts and arguments to show how the defensive theory presented pretrial by original counsel was impacted by the death of a defensive witness and denied applicant his ability to testify without fear of prejudice, resulting in an unfair trial as defensive theory could not be presented without the live in-person testimony of the deceased witness

FACTS SUPPORTING GROUND:

Original Counsel prepared a Defensive Theory for Grand Jury Packet 3-1/2yrs before trial (DX-E, RRvol 2 p9, RRvol 3 EX-E) and is itself EARLY evidence of the defendant's intent on a speedy disposition; Defensive Theory provided in packet was supported by Martha Burton's recorded interview (SX-1, RR) as it included a statement from Martha noting that Martha's reporting of the allegation was INFLUENCED by her knowledge of Defendants requirement to register as a sex offender when they dated but defense counsel was forced to avoid the issue altogether due to the death of defensive witness Ashley Taylor(alleged victim of juvenile offense which required defendant to register when he dated Martha) and Ms. Taylor provided a recantation statement in Grand Jury packet 3yrs before her death which was PIVOTAL in deflecting any prejudice to the jury if Ussery were to testify; Playback of Martha's recording for the jury though could never have taken place without prejudicial effect exposing jury to extraneous offense mentioned in Marthas recorded interview in support of defensive theory because now defensive witness was deceased; therefore trial counsel put on the record his inability to call on Ussery as a witness for fear of an 'avalanche', and same fear of calling on other witness' whose testimony would produce same results(RRvol 6 p244) and Ms. Taylor was deceased and unable to testify and help overcome any established prejudice

GROUND SEVEN: Denied liberty without due process of law guaranteed by 14th & 6th Amend. when applicant's right to counsel denial resulted in denial of applicant his right to speedy trial as Counsel failed to assert formally and for the record applicant's right to speedy trial with a motion as was the repetitive request of his client as evidenced by applicant's MANY pro se filings and attorney's letters acknowledging his clients requests

FACTS SUPPORTING GROUND: Provided in trial counsels submission to trial court during habeas proceedings are counsels many letters acknowledging Ussery's demand for speedy trial; At trial hearing on motion to dismiss for denial of speedy trial, trial court found that the many filings by Ussery were in his favor for his demand for speedy trial; however, the COA's opinion in its Barker test found the factor to weigh against Ussery for his counsels failure to formally file a

Motion For Speedy Trial; But for Counsels failure to submit a proper motion for speedy trial, the COA's ruling on one or more of the Four Barker factors would have been different; Indeed trial may have even begun PRIOR to the death of defensive witness Ashley Taylor, the complained of prejudice to the defense; Additionally neither Court took into consideration that the Grand Jury Packet submitted by Original Trial Counsel before indictment and 3 years before trial itself should have been considered as Ussery's first demand for a speedy disposition as it was his intent to present the Grand Jury packet to the Grand Jury in an attempt to avoid indictment;Instead, with the withdrawal of original counsel and appointment of counsel by the State, the Grand Jury never got to see the Grand Jury packet intended for them.

GROUND EIGHT: Denied liberty without due process of law guaranteed by the 14th & 6th Amend U.S.C when denial of counsel resulted in denial of right to speedy trial due to counsels failure to establish existence of pretrial anxiety & prejudice that existed and presentment of such was necessary to overcome State's reliance on applicant's bond revocation when considering prejudice factor caused by pretrial incarceration and delay.

FACTS SUPPORTING GROUND:

Trial Counsel failed to properly present at motion to dismiss hearing an argument of pretrial anxiety and prejudice due to delay of trial and pretrial incarceration; Applicant s Aunt. Mother, Sister, and Father. all passed away during pretrial period where defendant was incarcerated in the County jail awaiting trial; this is corroborated by State's Brady Disclosure (DX-D, RR-Exhibits) & additionally county jail records where Chaplin's office provided notice to Ussery of his father's death while his mother & sisters death certificates are part of the trial record; all of this amounts to hard evidence of anxiety during pretrial delay and is definitive evidence of prejudice from these deaths. as all deaths are those of immediate family members, the very kind of family members one can usually expect to depend on during a time of need such as incarceration but was not available to this defendant to assist in his defense preperation in place of himself.

GROUND NINE: Denied liberty without due process of law required by 14th & 6th Amend U.S.C. as the denial of counsel was present as counsel failed to uphold applicants right to speedy trial an the proper presentation of facts and arguments qualifying the dismissal of his charge as he failed to properly investigate and determine that deceased witness' notarized statement was work product of original defense counsel and that her testimony wqas necessary to support defensive theory

FACTS SUPPORTING GROUND:

Grand Jury Packet (DX-E, RRvol 2 p9, RRvol 3 EX-E) includes 1) written argument prepared by original counsel Rodriguez which details the defensive theory that Ussery was accused simply because he had a prior juvenile sex charge, and 2) a notarized recantation statement dated May 2015 from the alleged victim of the juvenile case, the very witness who died 3 years later in February 2018; 3) a passed polygraph examination report (DX-E p4-6) declaring 'no deceptive criteria' after being administered to Ussery in relation to these allegations; 4) additionally included notarized affidavit from Ashley's Aunt which detailed confirmation of long ago recantaion of Ashley Taylor about a ye3ar after the original accusation; Trial Counsels Motion to Dismiss for Denial of Speedy Trial however erroneously asserted that Taylor's recantation Statement was obtained from the State and provided to the defense resulkting in a negative impact on the COA's ruling on the prejudice factor as the COA improperly considered that the deceased witness was a witness for trhe State.

GROUND TEN: Denied liberty without due process of law required by 14th & 6th Amend U.S.C. as the cumulative errors arising from ALL speedy trial issues raised on appeal and in grounds 6-9 caused by the ineffective assistance of cou nsel resulted in the denial of defendant his right to speedy trial;

FACTS SUPPORTING GROUND:

Counsel failed to file proper and early motion for speedy trial, failed to present and develop facts and arguments for defendants defensive theory in Grand Jury Packet, and failed to develop clearly on the record the impact of witness' death on that theory and applicants decision for testifying, and failed to assert prejudicial anxiety and prejudice caused by delay as well as

failed to properly investigate the origin of deceased witness' notarized statement which was a
key fact for arguing the denial of right to speedy trial; Ultimate harm occurred with the death
of this very pivotal witness and counsel failed to accurately argue all the facts necessary to
establish harm that is very obvious in this record and the surrounding facts presented in defend-
ants Petition For Discretionary Review; the resulting harm from the death of a witness is imposs-
ible to overcome; here it shows that presentation of a defensive theory was denied, the ability
of defendant to testify without fear of prejudice was denied, and defense counsels additional
failure to call the Court's attention to State's ambiguous 'abandonment' of this extraneous offens
(RRvol XX 2 p43) who expressed intent to impeach with that very offense; then, unknowingly to the
defendant the State included the prior conviction in defendants PSI report and even though State
abandoned its use due to obvious prejudice in the trial it is still somehow able to be used in
determining defendants parole eligibility in violation of State's own abandonment.

GROUND ELEVEN: Denied fair process and right to appeal guaranteed by due process of 14th Amendment
U.S.C. as appellate counsel failed to motion for new trial based on Special Issue verdict or brief
in appeal that verdict was an acquittal, and further failed to expound a claim of legally & fact-
ually insufficient evidence to support conviction as State failed to meet its burden *by improperly
requiring trial counsel to argue conflict of interest instead of request for
acquittal*

FACTS SUPPORTING GROUND:
   Appellant raised issues with Appellate Counsel outliining that prior to trial, defendant had
raised issues with Trial Counsel of offense level & language and date as an impossibility with
counsel's acknowledgement of filing 'proper motions' as remedy (evidenced by his letters provided
in State habeas proceedings); ADA Williams insisted at trial on 'Child Under Six" language because
'it is a different offense' (RRvol 2 p44); The 'Child Under Six' language became P.C 22.021(F)(1)
and applied to offenses committed ON OR AFTER 09-01-2007 and use of the language made it mandat-
ory that trial procedures commenced with a capital sentencing structure and required commitment of
the jury panel to increased 25-99yr range of punishment; Trial counsel had also advised that any
date prior to 09-01-2007 did not comport with allegations & it was State's burden to prove EVERY
element including the date range after statutes enactment; Jury's unanimous verdict on Special
Issue was that State DID NOT prove beyond a reasonable doubt that offense was committed ON OR
AFTER 09-01-2007; the date of offense on indictment and charge was 01-27-2008 (DX-A,RRvol 3)
yet sentencing proceeded for lesser range and offense not defined nor submitted to the jury for
guilt; All these facts were thoroughly described to appellate counsel by mail and counsel con-
tinued to ignor appellant and failed entirely to raise these issues for proper preservation, *but for
Appeal counsels failures, several issues of constitutional claims would have been
preserved and the results on appeal would have been different preserved*

GROUND TWELVE: Denied liberty without due process of law required by 14th Amendment U.S.C when the
Court amended the indictment by instructin jury to consider offense alleged to include limitations
period prior to 09-01-2007 when offense level-language-charge and punishment sought for prosecutio
by State was based on mandatory statute effective only for offenses committed ON OR AFTER 09-01-
2007

FACTS SUPPORTING GROUND: Trial Counsel requested directed verdict (RRvol 10 p83) or instead the
Courts guidance when raising date issue; Court instead required submission of the 5-99yr range of
punishment on verdict form for sentencing and did not include an option for verdict of acquittal;
State is who chose language and insisted on the 'different offense' (RRvol 2 p44) and insiste4d it
could prove a 2008 or later date to trial counsel who reported this to his client in a letter (th
letter is included in letters provided by counsel in State Habeas proceedings); Jury selection pro
ceeded with commitment of veniremen to increased mandatory minimum of 25yrs to 99yrs or life if
the jury found for guilt (RRvol 4 p43,76,102,125;RRvol 5 p72,149,154-56) which only applied to
offenses ON OR AFTER 09-01-2007; Indictment/Charge alleged offense date 01-27-2008 and sentencing
phase returned a verdict form from jury unanimously asserting State DID NOT prove beyond a reason-
able doubt the defendant committed the offense ON OR AFTER 09-01-2007 (RRvol 10 p107); the court
did not allow for any proper correction of jury panel at voire dire to range other than 25-99yrs
and indeed excused potential jurors for inability to commit to 25 as a minimum; With all these
facts and existing prejudices it should have been impossible for jury to apply a pre-2007 sentence
*but for counsels failure to object to instructions & failure to request
directed verdict, the result of the trial would have been different.*

GROUND THIRTEEN: Ineffective Assistance of counsel as defense counsel argued a conflict of interest in violation of appellants due process right to counsel guaranteed by the U.S. Constitution and resulted in improperly shifting the burden of proof to the defendant where his own requested finding of fact in favor of acquittal instead was impermissably allowed to support both a finding for guilt of a lesser offense not submitted and sentencing range not requested by the State; Counsel violated McCoy v. Louisiana, which constitutes structural error involving clients autonomy and not counsels competence thus IAC analysis doesn't apply

FACTS SUPPORTING GROUND:

Defendant entered a plea of NOT GUILTY and proceeded to trial on the understanding that a finding in his favor on the date issue would result in a finding that no crime was committed at all by the defendant for lack of accessibility during time frame comporting to allegations and date alleged by State; Counsels letters provided in habeas proceedings support this: State insisted on offense language and date over defense objections (RRvol 2 p 43 & 44); Jury returned a unanimous verdict that the State did not prove beyond a reasonable doubt that offense was committe on or after 09-01-2007; Offense date alleged was 01-27-2008; Counsel was required to stay on course set by his clients plea of not guilty and request a directed verdict of acquittal upon the verdict returned by jury on Special Issue;Instead he charged ahead arguing for sentence under another guideline and offense not submitted nor defined to the jury nor clarified for jury when it was so obviously necessary when the verdicts rendered by the jury are ambiguous themselves; the attorney should not have ambiguously argued this conflict of interest which supported the denial of his client a right to a fair trial and subjected him to a prejudiced jury for punishment while also denying him a fairly constituted jury as many jurors were excused for prefering lesser pun. range had counsel again requested directed verdict, the result would've been acquittal.

GROUND FOURTEEN: Denied liberty without due process of law and fair trial required by trhe 14th Amend U.S.C. when State failed to correct known false impression testimony when the State knew the testimony or impression left by witness was false; Further use of false impression testimony was used in closing argument in furtherance of blatant misconduct which denied applicant a fair trial; Jury requested readback of testimony during deliberations and returned guilty verdict

FACTS SUPPORTING GROUND:

State's witness Detective Sgt. Hunter supplied false impression testimony implying applicant conveyed his guilt of alleged offense during a phone conversation between him and defendant (RR vol 6 p97); Defense counsel objected stating that the conversation in question was recorded and in State's posession and contained only denial by defendant (RRvol 6 p98) and State made no denial of these assertions because State possessed recorded phone call; State argued at closing 'BUT the investigator is the one who talked to the defendant  live and counsel asked him 'are you surprised we're here today?' and this sergeant said yes I am. AND THAT'S BASED OFF HIS CONVERSATION WITH THE DEFENDANT' (RRvol 7 p41-42); This was improper argument on so many levels; Jury was deadlocked which does not appear in the record conveniently but a review of the recording would reveal this truth, but judge sent jury back in to deliberate and jury requested readback of Hunters testimony (RRvol 7 p59) establishing clearly that this false impression testimony and prosecutors improper arguments were used in their finding for guilt; prosecutors misconduct likely changed the outcome of the case

GROUND FIFTEEN: Denied liberty without due process of law guaranteed by 14th as jury was allowed to consider readback testimony of false impression statements made by States witness where objection by counsel would have pre-cluded this testimony during Jurys deliberations

FACTS SUPPORTING GROUND:

Adopt and incorporate by reference facts alleged in ground fourteen


GROUND SIXTEEN: Denied liberty without due process of law guaranteed by the 14th Amend U.S.C by the ineffective assistance of counsel as he failed to contemporaneously object to false impression testimony and arguments presented by State which introduced facts not presented at trial on record through testimony or other evidence and thus preserve issues for appeal; Appellate Counsel failed to raise these same issues on appeal


FACTS SUPPORTING GROUND:   (next page)

FACTS SUPPORTING GROUND:

State argued at closing "But the investigator is the person that spoke with the defendant. live and counsel asked him 'Are you surprised that we're here today?' and this sergeant said 'Yes I am'. AND THAT'S BASED OFF HIS CONVERSATION WITH THE DEFENDANT" (RRvol 7 p41-42); State prosecutor brought in her own testimony as evidence (which was NEVER introduced nor testified to) with her statement "Defendant and investigator talked". Georgie Pooh didn't come up then; this random man who may have done it." (RRvol 7 p46); even offering speculation as testimony with "so if youre wondering whether or not  why there may not be a lease. wonder if your friends give a lease [to investigators] if you're being charged with aggravated sexual assault of a child under 6 to prove you are there." (RRvol 7 p37); and prosecutor even commented on extraneous offense evidence that was barred by Motion In Limine; trial counsel failed to contemporaneously object to all of these statements made by prosecutor which introduced as fact testimony which was not in the record nor testified to and which was also know false impression testimony; given that the defendant was the only person who could rebut this testimony, this was a direct attack and call of attention to the defendant's decision to not testify at trial, among other things. This issue the trial court in state habeas proceedings choose to first recommend relief be granted for reversal only to recommend relief be denied the following month when the state submitted late findings of fact after the Court had already made fact findings on the same evidence and information relied on for the States submitted findings and no other evidentiary hearing had been held in the interim which amounted to double jeopardy on habeas as the court had already found facts on the record in favor of applicant ;additionally State falsely represented to the jury that defense counsel acknowledged alleged incident occurred in master bedroom which belonged to defendant and Martha'(RRvol 7 p40) *but for* Tr Counsels failure to object or App counsel to raise issues on appeal caused a different result

GROUND SEVENTEEN: Trial procedures followed violated the Ex Post Facto Clause of Texas and U.S. Constitutions which prohibit Retroactive application of laws to acts to be punished as though committed prior to statutes enactment or where procedures used would not have applied to act committed prior to statutes enactment; Denied due process of law required by 14th and 5th Amend  U.S C *trial court failed to comply with prohibition against procedures affecting proof/evidence*

FACTS SUPPORTING GROUND: Applicant was ONLY made plea offers prior to trial consistent with mandatory guidelines of 25-99rs. the range applicable to offenses committed ON OR AFTER 09-01-2007; denied any consideration for any lesser offense or punishment range such as the 5-99yr range of punishment which included a consideration allowed for probation  for offenses alleged committed PRIOR to 09-01-2007; and denied any consideration for 2-20yr range contemplated by PC22 011, the only offense level which could legally remain with removal of 'Child Under 6' langaue; Jury panel was COMMITTED to mandatory mirimum range of 25-99yrs to serve; Court's instruction on the law was that penalty range for offense was 25-99yrs; jurors were therefore prejudiced to any range less than the increased mandatory guidelines of 25-99yrs; Indictment/Charge alleged offense date 01-27-2008; 'Child Under 6' and PC 22.021(f)(1)'s mandatory guidelines applied to offenses committed ON OR AFTER 09-01-2007 which is intended as an enhancement provision in code but was written into this indictments paragraph as an element and only considered that was for trial procedures; Tex.CCP 37.07 requires the issue an enhancement to be raised during the punishment phase with a hypothetically correct jury charge, severely restricting defense counsel though he objected to the charge language and indictment pretrial but State insisted on 'Child Under Six' language as a 'different offense' (RRvol 2 p 43-44); Special Issue submitted at sentencing returned a unanimous verdict State DID NOT prove beyond a reasonable doubt that offense was committed ON OR AFTER 09--1-2007 (Rvol 7 p107) & somehow jury was allowed to sentence to a different range of 5-99yrs for an offense not pled nor requested by State. TDCJ prison officials classified Applicant under the 80th leg.'s PC22.021(f)(1) & Gov't Code 508.145(a), 508.149(c) as judgement reflects offense date 01-27-2008 and language 'Child Under Six' even though jury's verdict on special issue makes BOTH an impossibility; the prejudiced jury sentenced petitioner to 35yrs with no consideration for less, *but for trial courts disregard for sentencing when ex post facto was apparent, result of proceedings would've been different*

GROUND EIGHTEEN: Applicant denied due process of law required by 14th and 5th Amend  U.S.C. as Tex. PC 22.021(f)(1), Gov't Code 508.145(a), 508.149, & 508.149(c), & TDCJ cl ssification guidelines operate retrospective and retroactively to applicant's conviction & sentence execution in violation of Texas' and U S  Constitutions Ex Post Facto Clause in contravention of Special Issue verdict ; *but for trial courts disregard for obvious Ex post facto violation in proceeding with Sentence, result of trial would've been different*

7E

FACTS SUPPORTING GROUND:

Indictment/Charge alleged offense date of 01-27-2008 and 'Child Under Six' language thus Tex. PC 22.021(f)(1)'s mandatory sentencing guidelines applied to trial procedures and to offenses committed ON OR AFTER 09-01-2007; Jury returned a unanimous verdict that State DID NOT prove beyond a reasonable doubt that offense was committed ON OR AFTER 09-01-2007 (RRvol 7 p107); Judgement records an offense date 01-27-2008; judgement still reflects 'Child Under Six' language which did not get enacted until 09-01-2007; TDCJ is applying 'Jessica's Law' to execution of petitioner's sentence in accord with the offense date alleged on judgement and offense language shown on judgement and Jesica's Law is the legislative act which implemented the sentencing guidelines imposed by the mandatory guidelines of PC 22.021(f)(1); Jessica's Law did not become law until its enactment on 09-01-2007 and therefore even if the court can somehow legitimize applicant's sentence and illegal conviction, jessicas law can still not apply to petitioner after jury's unanimous verdict on the special issue and indeed violates ex post facto laws in that his jury was biased to a sentence range already in violation of ex post facto, procedures were then followed for trial which were altered to the disadvantage of the defendant in violation of ex post facto and his sentence is currently being carried out inn violation of ex post facto; sentence was also pronounced by jury prejudiced by their commitment to a higher range of punishment which was already contemplated and applied in violation of ex post facto laws of the State and U.S. *but for counsels error in arguing or conflict of interest out evidence, result would be different*

GROUND NINETEEN: Denied liberty without due process of law required by the 14th & 5th Amend. as indictment/charge was insufficient to provide notice to prepare defense as indictment on its face (and State's ELECTION of language and sentencing range) implicated limitations period applicable to enactment of PC 22.021(f)(1) and did not on its face  necessitate defense preperation for any offense date PRIOR to 09-01-2007 nor did the allegations comport with proof PRIOR to 09-01-2007, *Different procedures for trial would have produced different result by its effect on evidence able to be presented in phases*

FACTS SUPPORTING GROUND:

Prior to trial applicant raised offense-level-language-date issues with trial counsel; Counsel acknowledged this and committed to filing 'proper motions for record' (see letters provided by counsel with affidavit in habeas proceedings) and advised indicted offense to be a new 'Super-Aggravated Statute effective 09-01-2007' and further advised in letters that State could PROVE date range AFTER enactment of statute because State intended to prove applicant met complainants mother in 2008 thus the language and increased mandatory guidelines applied for prosecution; ADA Williams insisted on 'Child Under Six' language because 'it is a different offense' (RRvol 2 p44) after defense counsel objected to charge and language as prejudicial allegation without proof (RRvol 2 p 43); offenses for PC 22.021 prior to 09-01-2007 were of different language to establish elements and allowed a 5-99yr range with parole with the added option of probation; offenses for PC 22.011 were of the same language absent the 'child under six' averment and were of the range 2-20yrs with parole and had the added option of probation; jury's verdict on the special issue was State DID NOT prove beyond a reasonable doubt the offense was committed ON OR AFTER 09-01-2007 but sentencing was allowed for a range of 5-99yrs without consideration of probation to a jury that was already biased and committed to the increased range of 25-99yrs upon finding of guilt; The State failed to submit a different language or lesser offense to jury for deliberations; indeed the State only allowed the jury and the defendant to consider offense and date range that was enacted for offenses committed on or after 09-01-2007 thus setting the limitation period to BEGIN 09-01-2007 and forego any consideration of an offense date PRIOR to 09-01-2007, as noticed, *but for State & Courts insistence on language, trial proceedures would've been different*

GROUND TWENTY: Denied liberty without due process of law required by 14th, 5th, & 6th Amend as Tr. Counsel failed to properly advise his client on matters of law which led his client to believe an acquittal would result upon favorable finding by the jury on the date issue and commitment that counsel would put proper & contemporaneous objections on the record for preservation of issues *+ resulted in conviction of one who is actually innocent*

FACTS SUPPORTING GROUND:

Applicant raised issues with counsel prior to trial and counsel commited to 'filing propr motions for record' (see letters provided by Tr. Counsel in State habeas proceedings); in letters counsel explained language and date was for offenses committed on or after 09-01-2007 and that a date issue would establish that no crime was committed at all as the allegations only comport with a date range of on or after 09-01-2007 & State was FIRM it could PROVE date range after Statutes

enactment as State intended to prove petitioner met alleged victims mother in 2008 & thus the mandatory minimum guidelines applied (see letters);Applicant insisted to trial counsel that date post-2007-September 1st was impossible not only due to actual innocence but because applicant was not in relationship with mother; Counsel advised allegations did not comport with an offense date prior to 09-01-2007 and it was State's burden to prove every element including this date range as it was a fact which increased the mandatory minimum and set the procedures for trial (see letters) yet unanimous verdict was that State DID NOT prove beyond a reasonable doubt offense was committed on or after 09-01-2007 and even though counsels client pled NOT GUILTY counsel argued for a sent- ence under a range not requested by the State nor for an offense submitted to the jury; With the offense date 01-27-2008, the Jury's Special Issue verdict did not produce what counsel told his client it would, an acquittal and affected his clients choice to go to trial in this manner and forego presenting other evidence which would have been applicable to the pre-09-01-2007 range, *but for counsels advice and argument of sentencing in conflict with plea, defendant would have insisted on clearer objective*

GROUND TWENTY ONE: Denied liberty and due process of law required by the 14th, 5th, & 6th Amend. U.S.C. as appellate counsel failed to raise charge error and date issues on Direct App al with re- quest for reverse for acquittal or new trial in that charge & procedure error resulted in egregious harm as State's prosecution was calculated to effect the substantial rights of applicant *by denying fair trial & lesser sentence of lesser offense and clear acquittal of higher offense*

FACTS SUPPORTING GROUND: *occurred which was offense procedures were performed*

    Tr. Counsel objected to charged offense (RRvol 2 p43);State ELECTED to greater offense lang- uage 'Child Under Six' as a 'different offense' (RRvol 2 p44) increasing the mandatory minimum & state's burden of proof; Trial Counsels letters (habeas hearing) show he raised issues pretrial & that he advised State was FIRM it could PROVE date after 01-27-2008; Jury returned unanimously the State DID NOT prove beyond a reasonable doubt the offense was committed ON OR AFTER 09-01-2007 & the offense date alleged was 01-27-2008; Allegations and testimony only comported with an offense having been committed ON OR AFTER 09-01-2007 and were not factually sufficient to support a convic- tion nor legally sufficient after Jury's verdict on Special Issue; These things and much more, were explained to appellate counsel who ignored petitioners request to raise issues, *but for failure of appeal counsel, issues would have been presented on appeal resulting in acquittal,*

GROUND TWENTY TWO: Denied liberty without due process of law required by the 14th, 5th, & 6th Amen dment U.S.C. as he was denied a fair trial and impartial jury and lawfully constituted jury as the panel was COMMITTED to increased range of punishment not used in sentencing phase and potential jurors were excused for cause for failure to consider increased range's minimum, *trial Court and States election on procedures & charge at outset caused error*

FACTS SUPPORTING GROUND:

    Tr Judge COMMITTED the entire panel to PC22.021(f)(1)'s increased mandatory range of 25-99yr upon finding of guilt (RRvol 4 p43,62,76,102,125;RRvol 5 p72,143.154-56);Defense attempted to re- habilitate juror whose SOLE issue for excusal was their inability to consider 25yrs as a minimum (RRvol 5 p156) preferring to instead have the ability to consider a lower number as minimum & even retaining the ability to sentence to higher range if facts called for it; State insisted on range & language of offense as 'Child Under Six' as a 'different offense' with its own punishment range (RRvol 2 p44) and Tr. Court only defined that ELECTED offense; In sentencing phase jury returned UNANIMOUS verdict that State DID NOT prove beyond a reasonable doubt that offense was committed ON OR AFTER 09-01-2007; however this was the fact the State was required to prove in order for the increased mandatory minimum and language of offense to apply; instead of being provided with an acquittal verdict form, the jury for the first time at sentencing was submitted that they could consider a 5-99yr range of punishment for an offense not submitted to the jury even though it was drilled into the panel members during jury selection that a finding of guilt could only result in a sentence range of 25-99yrs, in which case it did: petitioner was sentenced to 35years for an offense not properly placed before a jury for guilt or innocence; had excused jurors not been ex- cused, not only would this have had a substantial impact on the sentence if a finding of guilt were still found but also a substantial impact was likely on the guilt phase as the date range would have been an issue raised in the guilt phase of trial instead of the sentencing phase re- quired by the CCP for the mandatory guidelines set by the language and date of offense prosecuted, *Courts decision to sentence under different offense never offered did not remedy the denial of fair trial & impartial jury advised by sentence after acquittal of higher offense*

GROUND TWENTY_FIVE: THREE Denied liberty without due process of law required by 14th, 5th & 6th Amend to
U.S.C. as defendant was denied his right to valid challenges for cause and intelligent use of per-
emptory strikes which could have revealed any existence of prejudice of empanelled jury to any sen
tence which was less than 25 as jury was COMMITTED to 25-99yrs and no other range was considered
during voire dire examination of jurors; indeed jurors were released for bias toward 25yr minimum
*jurys verdict on guilt or sentence may have been different*

Facts Supporting Ground: Incorporate by reference the facts raised in ground twenty-four. *two.*

GROUND TWENTY SIX: *FOUR* Denied liberty without due process of law and a fair trial required by 14th, 5th
& 6th Amend to U.S.C. as alleged victim presented surprise testimony of outcry event which impact-
ed defense strategy as counsel should have had expert witness in response; testimony proves State
failed to disclose relevant evidence beneficial to accused in violation of discovery and Brady v.
Maryland; Appellate Counsel was ineffective for failure to raise issue on appeal, *Surprise testimony*
*is cause for continuance to obtain expert witness*

FACTS SUPPORTING GROUND:
      Martha Burton's recorded interview with investigator (SX-1; RRvol 6 p53) contains statements
that initial outcry was made to another mother & that Martha learned of the outcry from this mother
State's Notice of Intent to use OUtcry Hearsay Statement ALSO provided notice to the defense that
Martha learned of this outcry from another Mother (DX-1; exhibits RR)Martha contradicted her origin-
al statement and State's notice in testimony by saying she (Martha) is the person who told the
OTHER mother of the outcry (RRvol 6 p34); defense objected to no notice of this (RRvol 6 p34) then
objects to Martha as an outcry witness (RRvol6 p36) and specifies concern about how he could poss-
ibly impeach this contradictory statement (p36) especially considering his prior objection placed
on record (RRvol 6 p9) where mentioned Martha's recorded statement contained pre-judicial state-
ment that Applicant was a registered Sex Offender when they datedand if that came out the level of
harm would be egregious (RRvol 6 p10) and establish the harm complained of in the motion to dism-
iss for denial of speedy trial with the death of witness Taylor; the inability of counsel to raise
this recording for impeachment at this point itself establishes harm; But further, defense reques-
ted other Mother (Nassim's mom Nano) for witness as provided in State's notice, but State declared
it did not have mother available as a witness (RRvol 6 p39) but this witness was obviously criti-
cal for determining the content and reliability of any initial outcry especially considering the
identity of defendant as the assailant being contested and quite possibly as noticed this witness
would have been the proper outcry witness whose statement may have deferred from what was offered;
additional support of this is derived from the surprise testimony of the alleged victim stating
her friend Nassim described an incident of sexual assault against him and Nova's (victim) response
was that had occurred to her too, clarified by defense cousel (RRvol 6 p173) establishing for rec-
ord this to be surprise testimony that differentiated from what defense was told that alleged vic-
tim was reminded of event by sucking a popsicle; Witness clarified she provided these facts to
state prosecutor though state did not supply this to defense (RRvol 6 p171-73,185) in violation of
Brady and rules of evidence; this all affected defense preperation, witness availability and notice
Applicant requests the court provide payment for a statement from an expert concerning what the
impact would be on a child to hear a sexualy assault allegation from another child and whether it
could have ¨impact or influence on the receiving child to claim an incident of the same nature to
occur against them or any other similar thought patterns or influence provided only if the court
does not find that surprise testimony and/or improper outcry witness unfairly disadvantaged defense,
*counsels failure to request continuance & seek expert witness or prepare defense was error*
GROUND TWENTY FIVE: Denied fair process & right to appeal guaranteed by due process laws of the 14
5th & 6th Amend U S C  due to ineffective representaion on appeal as counsel failed to raise issue
of improper outcry witness and surprise testimony of both outcry witness and alleged victim's *testimony*

Facts SUPPORTING GROUND: Incorporate by reference facts raised in ground twenty-four

GROUND TWENTY SIX: Denied liberty without due process of law required by 14th, 5th. & 6th Amend to
U S C when refused the testimony of potential outcry witness presented in State's Notice and even
Martha's initial complaint; State failed to secure witness for trial and appellate counsel failed
to raise issue on appeal of the denial of right to call on witness at trial; *State failed to produce*
*requested witness on critical issue affecting testimony at trial*
FACTS SUPPORTING GROUND: Incorporate by reference facts raised in ground twenty-four.

GROUND TWENTY SEVEN: Denied liberty without due process of law required by the 14th, 5th, & 6th Amend. U.S.C. when the state s arguments amounted to testimony from prosecutor of facts not previously raised by the evidence or testimony & her assertions as facts on issues which COULD ONLY be rebutted with testimony from the defendant called the attention of the jury to defendants failure to testify in violation of him exercising that right, but for counsels failure to object to these issues, instruction would have been required or mistrial.
FACTS SUPPORTING GROUND: Incorporate by reference facts raised in ground sixteen.

GROUND TWENTY EIGHT: Denied liberty without due process of law required by the 14th, 5th & 6th Amend U S C as a result of structural error where trial court failed to hold requested hearing (Feretta) & Rule on Defendants Motion TO Represent Himself;issues raised pre-trial by defendant with counsel on charge and date properly raised with defendant representing himself would have resulted in a different result at trial as evidenced by Jury's verdict on Special Issue, but for Appellate counsel failure to raise on appeal, issue would've been preserved
FACTS SUPPORTING GROUND:
    Defendant submitted Motion To Proceed Pro Se to trial court and specifically requested a Faretta Hearing;State's witness Allen Otto who was original prosecutor in case testified at pre trial hearing that he was aware of defendnat's submitted motion and request for Faretta hearing & he thought at one point it might be important to get a waiver of a Faretta hearing from defendant (RRvol 2 p21);however, no such hearing was ever held;Defendant demanded speedy trial;counsel refused to file such motion;applicant insisted on motion regarding charge and date;counsel failed to do so;applicant even insisted on certain line of questioning of witness but trial counsel placed on record that he and his client disagreed on line of questioning applicant wanted asked (RRvol 6 p244 & when counsel attempted to assert for the record applicants acquiescence to his strategy & advice, applicant stated FIRMLY he did not agree with  [his attorney] at all (RRvol 6 p245) instead of acquiescing;all of this is proof that client and counsels strategy differed and applicant never waived his right to represent himself for trial; As this cannot be remedied, reverse for acquittal

GROUND TWENTY NINE: Denied liberty without due process of law required by 14th, 5th & 6th Amend to U.S.C. when defendant denied pre-trial any consideration for range of punishment submitted to the jury at sentencing, nor probation as allowed in pre-2007 statute, but for states election over objection, an application for probation would have been submitted pretrial
FACTS SUPPORTING GROUND: Incorporate by reference facts raised in ground seventeen but for counsels failure to advise client probation available through application.
GROUND THIRTY: Petitioner is being denied liberty without due process of law as required by the 14th. 5. & 6th Amendment of the U.S.Constitution in that he is actually innocent of the charged offense AND bothe  legally and factually innocent as no evidence supports conviction, and failure of counsel to insist on directed verdict for acquittal resulted in someone
FACTS SUPPORTING GROUND: who is actually innocent being convicted.
    Applicant attempted to raise this issue as a showing of cause to excuse any procedural default to review of the claims on his state habeas application instead of raising the issue asz a separate and independant ground but the State forcefully took control over defendants application by forcing counsel upon him at his state habeas proceedings and would bnot relinqu¹sh control back to the applicant thus he was unable to prosecute his habeas application according to his strategy ; Applicant is actually innocent of Super Aggravated Sexual Assault of A Child Under Six, the offense charge in the indictment as evidenced by the verdict of the jury that the state did not prove beyond a reasonable doubt the offense was committed ON OR AFTER 09-01-2007;Super Aggravated Sexual Assault of a Child Under Six became an offense under statute for offenses committed ON OR AFTER 09-01-2007; the offense date in indictment and charge was 01-27-2008;defense objected to date and offense language pretrial and state insisted on language as a 'different offense' (RRvol 2 p44); Jury returned unanimous verdict at sentencing that state did NOT prove beyoind a reasonable doubt an offense was committed ONOR AFTER 09-01-2007;no lesser offense language, description, nor date was submitted to the jury for consideration during guilt-idnocence as State refused to dfo so;the factual allegations of the alleged victim only comport to a date range AFTER 2008;defendants defense of lack of accessibility to alleged victim during date range was established with the jury's verdict on special issue;thus thier verdict is confirmation that both conviction is factually and legally insufficent to sustain a verdict of guilt for charged offense or any other pre-2007, but for constitutional error, no reasonable juror would've found the petitioner guilty

statute establishing the reasonable doubt for acquittal of not only the only charge contemplated for prosecution but also any other lesser offense not submitted by prosecution to the jury;State insisted it could PROVE a date asnd date range it failed to prove and insisted on the charge and trial procedures for trial;NO evidence even supports a 2007 incident; and jurys special issue verdict shows it was impossible for defendant to commit offense after 09-01 2007 based on the test imony provided by states own witnesses and is the finding of fact on the record that established no evidence exists that defendant committed crime at all ;Petitioner is Actually innocent;But for the lack of an acquittal form to have been submitted with the special issue, the jury's verdict would have been for acquittal upon the same finding the same jury reached unanimously. *But for counsels arguing conflict of interest, result of trial would've been different*

GROUND THIRTY ONE:: Denied Liberty without Due Process of law required by the 14th, 5th, & 6th Amendment to U.S.C. when the petitioner was put to Double Jeopardy in his habeas proceedings as the trial court first recommended granting relief to applicant on his claim for ineffective assistance of counsels failure to object to state introducing evidence in closing arguments which were outside the record or falseand not presented at trial buft trial court decided one month later to recommend denying relief on the same set of facts it had already rendered jjudgement on;*but for denial of self representation, result of proceedings would've been different*

FACTS SUPPORTING GROUND: Applicant's State habeas proceedings resulted in the trial court recomending relief be granted for applicant in its March 24th, 2022 Order. but its April 2022 Order recomended denying applicant relief when it had already placed facts onto the record from a single set of proceedings that counsel was ineffective and applicant was entitled to relief;at that point the Court of Criminal Appeals was obligated to verify if the record supported the trial courts findings and could not consider the trial courts second order as valied because it was in violation of the doctrine of collateral estoppel;absent an additional set of proceedings with additional evidentiary facts betng submitted to the court upon an additional order from the court of criminal appeals then the trial court could not make any finding contrary to those it had already made and found in favor of applicant for granting relief sought;*but for double Jeopardy violateing the result of State habeas would have recomended relief.*

GROUND THIRTY TWO: Denied due process right of appeal and right to represent self in State Habeas proceedings in violation of the 5th & 6th Amends to the U.S.Constitution made applicable to the States through the 14th Amendment USC; Applicant never requested appointment of counsel, made it clear to Courts he was demanding to be heard himself, and despite numerous Pro Se filings, he was forced to accept representation which impeded his ability to prosecute his habeas according to his pre-determined strategy which included intent to show cause to excuse procedural defaults to review of his claims; denied right to be heard after appointment subverted a fairly processed appeal; *this seems to be a common state practice in Texas & should be addressed.*

FACTS SUPPORTING GROUND: when Court of Criminal Appeals remanded application to trial court and designated issues it included an instruction to appoint counsel for applicant IF HE REQUESTED ONE & specified appointment according to Tex.CCP 26.04 which specifies appointment of counsel under this statute be consistent with other articles listed therein including 1.051 which itself instructs (CCP Art.1.051(c)) 'courts authorized under 26.04 to appoint counsel...[may do so]not later than the end of the third working day after...receiv[ing]THEDEFENDANT'S REQUEST FOR THE APPOINTMENT OF COUNSEL...';no such request was ever made & no such authorization was affirmatively given which did not amount to forced acquiessence;& appointed counsel violated the very statute under which he was appointed by not informing applicant of his appointment until proceedings concerning remand were already completed (CCP 26.04(j)(1)&(2)&26.04(b)(5);his failure to notify and communicate with his client prevented applicant from properly asserting claims showing cause to excuse any bar to review of other claims under State procedure; Applicants strategy in prosecuting his state habeas application depended largely on his ability x to argue two particular points of error as show for cause to excuse defaults in lieu of raising them as independent grounds (1-that counsel argued a conflict of interest(Gr 13 this petition) and 2-actual innocence (Gr 30);but for being forced representation in proceedings, the process of review would have been different as would the proposal for findings of fact on the record which counsel asserts in error;Additionally applicant would have filed a motion for new trial with trial court based on March 2022 Order, *but for the state impediment caused by State procedures not in Appellants control, claims for review would be properly exhausted*

GROUND THIRTY THREE: Denied equal protection under the law required by the 5th, 6th, & 7th & 14th

Amends and Article iv sec.1 & 2;Applicants state habeas proceedings allowed for the State attorney
to delay responding to claims raised and submit Proposed Findings of Fact which were 1-day late of
the 180-day limitations period;Applicants own federal habeas is held to the AEDPA limitations time
and would be barred if even 1-day late according to case law determined by statute for AEDPA;the
State should not be afforded any different considerations to thier benefit denied appellants *had*
*applicant represented himself. issue would've been raised in proceedings*
FACTS SUPPORTING GROUND: Court of Criminal Appeals issued writ to trial court in an Order dated
October 20, 2021; Statutory period for State to answer application is limited to 180 days; 180 day
after Order is April 18, 2022; State filed its proposed findings of facts on April 19, 2022 in an
intentional effort at delay; the court was already without jurisdiction to consider proposal not
only because State submitted past limitations period but also because the Court had already made
findings of fact in the same proceedings the month before on March 28, 2022 which found facts in
favor of recomending relief be granted; the April 19, 2022 findings were based on the same same
proceedings and information/evidence before the court which were already considered by the court
for the March 28, 2022 Order but the latter Order found for recomending relief be denied; no int-
ermediary proceedings were held and the Order and Appellate refcord sent with the March 28, 2022
Order ended the trial courts jurisdiction in the habeas matters;consideration of the States propos
ed findings after findings were already made violates Amendment 7's 'no fact tried by a jury
shall be otherwise re-examined' and Amend 5's jeopardy clause or due process requirement and the
6th Amends protections for an impartial jury of the State as well as the 14th Amends prohibition
against enforcing laws which abridge the priveleges or immunities of US Citizens & accompanying
due process requirements. Notwithstanding other grounds entitling applicant to an acquittalor
dismissal of his conviction and charge presented in other grounds, then proper remedy for this
ground would be to strike the April 19, 2022 Order and verify record supports March 28,2022 Order
The impediment to proper presentation and exhaustion of claims in state habeas proceedings was
caused by state action and practice of forcing unwanted and unrequested counsel on applicant pre-
venting fair process of appeal under state procedures for review. Absent the impediment, and with
the applicant representing himself as requested, issues on habeas and results of proceedings
could have been fairly presented or challenged in a timely manner. *The impediment to proper*
*presentation and exhaustion of claims in state habeas proceedings*
*caused by forcing unwanted and unrequested counsel on applicant*
*prevents fair process of appeal under state procedures for review.*
*Absent the impediment and applicant representing himself issues on habeas*
*and results of proceedings would've been fairly presented in a timely manner.*
GROUND THIRTY FOUR: Claim on Direct Appeal for Denial of Right To Speedy Trial was adjudicated by
COA resulting in a decision as outlined in 28 U.S.C. s 2254(d)(1)&(2)

The facts relied on by the COA were based on an unreasonable determination of the facts presented.
These facts werex used to consider the four factors of Barker v. Wingo to determine any violation
of right to speedy trial. Not only were these facts erroneously considered, but even if the facts
relied upon would have been correct as stated, the decision reached in each factor was contrary
to or involved an unreasonable application of clearly established Federal Law.Original indictment
the basis of consideration of original trial judge for delaying trial was 'Super AggravatedXXxx-
Sexual Assault of a Child Under 6', a new capital offense based on mandatory sentencing statute.
Because Judge wished to prepare for this type of case specifically, as stated xin COA opinion on
page 13. However, a Special Issue verdict by jury establishes that prosecution for this higher
offense was notx applicable. Because the State chose & insisted on this charge, trial court was
pursuaded to delay trial demanded by defendant. The fault of the delay lies with the State and not
with the trial court because this could have been avoided with prosecution for any lesser felony
such as the one improperly applied at sentencing phase. This fact changes the length of delay at-
tributable to the state fropm June 2014 through January 2017 to what should be June 2014 through
October 2017. The remaining fewx months the COA attributed to hurricane harvey although Court had
resumed in September 2017 in Harris County. Thus this consideration of fact effects the factor of
causex for the delay attributable to the state but also shows prejudice caused by delay thatis
also attributable to the state for their election of the offense for prosecution over defense obj-

7K

actions made pretrial and again on trial date commencement; States insistence dictated that a capital sentencing procedure for trial would be followed, detering an inexperienced judge from trying case when even if conviction for lesser offense was permissible at outset, procedures for such offense was standard for any other felony non-capital, and Courts attempt to render a judgement for lesser sentence applicable to lesser offense shows that had original trial judge considered trial setting for offense not governed by capital sentencing procedures, then shew likely would not have delayed the setting. Thus delay was caused by sStates intent on offense. The two factors should be reformed to weight heavily in favor of Ussery;as for assertion of right, COA ruled counsels failure to formally motion for speedy trial somehow diminished defendants consideration on this factor despite defendants nearly two dozen pro se filings requesting a speedy trial AND despite defendants many request to counsel to file motion as efvidenced in counsels affidavit in State post conviction habeas proceedings; additionally, on prejudice factor the COA incorrectly reasoned that the deceased witness who was the basis for defense motion to dismiss for the denial of right to speedy trial, provided the State with her recantation affidavit when this statement was obtained by original defense counsel prior to indictment and was then submitted to State by defense counsel in a Grand Jury Packet which included a defense theory that relied heavily on the support of the deceased witness' testimony;Ussery's decision to testify as well required the live testimony of deceased witness in order to avoid unfair prejudice;this packet is an early indication of defendants intent at a speedy disposition,requiring witness testimony shown in supporting affidavit;however, none of these facts were considered by the COA after their incorrect determination that the witness was a witness for the State;accordingly the prejudice prong should be reconsidered in the Barker Factors;Additionally not considered was that Juvenile offense subject matter of deceased witness for which the State chose to abandon for use in any way with prosecution or conviction in order to avoid a substantialo showing of prejudice in factors was apparently not applied in every respect as Ussery's current conviction & sentence is being executed with juvenile offense applied in sentence structure applicable according to penal code provision enhancing offense minimum to 35yrs before parole eligible;State's express abandonment of this offense in any way related to instant offense of conviction prohibits the use of this juvenile offense in any way as State gave no indication otherwise and its application to Ussery's pen packet information for TDCJ's application of sentencing/classification guidelines is actual prejudice which currently exists caused by the death of the witness after unreasonable delay;had the witness been available at trial then her testimony would have produced official record necessary to attack and remove the juvenile adjudication from defendants record as was the intent at outset;defendants confinement in pre-trial incarceration during State's delay of trial proceedings prevented him from initiating proceedingss in another county;this inability to attack fairly the juvenile conviction is also itself evidence of prejudice resulting from harm created by death of witness whose testimony could have been available at any trial setting or date anterior to her death which occurred three years into the proceedings and 3 years & 7 months after the date which initiated action by law enforcement by the reporting of this alleged crime at hand. Thus 3 of the 4 factors considered by the court in its Barker test were not considered with a reasonable determination of the facts supported by the evidence;indeed the record supports the facts presented here except application of juvenile offense to Ussery's current sentence is supported by exhibits attached to this petition which were also supplied in State habeasx appendix and require an evidentiary hearing as was requested in State but Court limited issues considered in proceedings to facts which were expected to manifest from Trial Counsels Affidavit and attachments, however, even in that proceedings the attorneys and court STILL did not correctly identify the facts apparent in counsels affidavit & attachments fairly as Ussery's allegations in State habeas application are clearly supported by the very same letters Ussery referenced in his application which were now provided by counsel;such blatant disregard for accurate findings supported by a record by denying they exist, by Court and State counsel, even State appointed counsel,shows evidence of extreme bias in the State Court with regard to the proper finding of facts and thus the trial court may not be the proper consideration in determining facts & developing a record.

where a single ground alone in application fails to merit relief sought, then Petitioner is relying on Cumulative error of counsel, prosecutor, Court and Appeals Attorneys r and denial of due process.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**THE OFFICE OF THE GENERAL COUNSEL**
**INTER-OFFICE COMMUNICATION**

---

**TO:  Roy Ussery**                               **DATE:  10/28/2019**

**TDCJ # 2204802**                              **UNIT:  W.P. Clements**

**FROM: TDCJ - Office of the General Counsel**          **SUBJECT: Time**

---

This is in response to your recent letter to: <u>Office of the General Counsel</u>     dated:  <u>November 08, 2019</u>

____  Your correspondence received by this office relates to the above **litigation** and will be forwarded to the Office of the Attorney General representing the Agency.

____  Your letter is being returned unanswered pursuant to TDCJ Offender Orientation Handbook which States, in part, "You should always try to solve your problem with staff on your unit or facility before you submit your grievance. **Always submit your original to the grievance investigator on your facility, and if you appeal a decision to the next level, you must always submit your appeal with the original Step 1 to the grievance investigator on your facility.**" Resubmit your appeal to the grievance investigator on your unit.

____  Every effort is being made to process grievances within the time limits outlines in the **Offender Grievance Procedure.** For information regarding your grievances you should contact: **Offender Grievance Procedure,** P.O. Box 99, Huntsville, Texas 77342-0099.

_ __ If you have a complaint or allegations to be made relating to **staff misconduct (i.e., verbal harassment, acts of discrimination, etc.)** they should be directed to the <u>Unit Warden or his designee</u>

____  If you have a complaint or allegations to be made relating to **staff misconduct (i.e., excessive UOF; acts of retaliation;) or any crime committed by offender/employee on State property** they should be directed to the unit Internal Affairs Investigator or contact the Internal Affairs Division. P.O. Box 99, Huntsville, TX 77343-0099

_X_  Issues related to **time** calculations, sentencing, concurrent time/stacked time, jail time, forfeited good conduct time, back-dated good conduct time, class, promotion, etc., should be directed to the Classification Records Office, Time Section, P.O. Box 99, Huntsville, Texas 77342-0099.

____  The TDCJ-ID has policies and procedures in effect for processing an offender's request for an **inter-facility transfer.** You should contact the Unit Chief of Classification and/or Administrative Segregation Committee so your request can be processed. The committee will give careful consideration to your request, and appropriate action will be taken. The State Classification Committee makes the final decision.

____  Any issue related to **religious programs,** services, holidays, or activities should be directed through the Unit Chaplain or the TDCJ-ID Chaplaincy Department, P.O. Box 99, Huntsville, Texas 77342-0099.

____  **Parole** related issues should be directed to the Unit Parole Officer or contact the Board of Pardons & Paroles, 8610 Shoal Creek Blvd., P.O. Box 13401 Capitol Station, Austin, TX 78711.

____  **Public Information Act** Section 552.028(a)(1). Texas Government Code provides: "A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility."

____  Issues related to **education** should be directed to the Windham School Principal on the unit. Continuing Education issues should be sent to Windham School, P.O. Box 40, Huntsville, TX 77342.

____  Issues related to your **commissary account,** should be directed to: Local Funds, P.O. Box 99, Huntsville, TX 77342-0099. Issues related to commissary purchases should be directed to the Unit Commissary Supervisor.

____  Issues related to your **Inmate Trust Fund** account should be directed to: E & R Programs, Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629.

____  Your request for Protective Custody/ Safekeeping/Unit Transfer, due to **LIFE ENDANGERMENT** has been received by this office, and was immediately forwarded to the appropriate staff for immediate investigation and action on your behalf.

____  Issues related to **meals,** sack lunches, special diet menus, etc., is not appropriate for handling by this office. Send an I-60 to the Food Service Manager so they may take immediate action regarding your issue. If this proves to no avail, you may contact: Asst. Director of Food Service, P.O. Box 99, Huntsville, TX 77342-0099

____  The unit physician is the primary care provider at the unit level and is responsible for the determination of **medical** treatments, medical restrictions, and scheduling services. You should attempt to resolve your problem on the unit level first by contacting the unit medical administrator, in writing, for assistance. Subsequently, if you are not in agreement with his/her response you can write to the Patient Liaison Program, Health Services, P.O. Box 99, Huntsville, TX 77342-0099.

____  Issues related to **legal** assistance should be directed to State Counsel for Offenders, Legal Services Section, P.O. Box 4005, Huntsville, TX 77342-4005. Law Library issues, legal visits with other offenders, etc., should be addressed to Access to Courts at P.O. Box 99, Huntsville, TX 77342-0099.

____  The information presented in your letter is inappropriate for handling by this office. Direct your correspondence to the appropriate court / state department / or agency responsible for reviewing your concerns:

**ADDITIONAL COMMENTS:** _____
_____
_____
_____
_____

cc: file
L:\offender IOC.doc

*Sentence Attachment - 1 of 6*

```
REPORT: ITS40950-B    T.D.C.J. - INSTITUTIONAL DIVISION        05/22/2020
218                        INMATE TRACKING SYSTEM
                          COMMITMENT DATA FORM                    PAGE   1


SID NO....: 05692977   TDC NO: 02204802   PIA NO: 000000
NAME......: USSERY,ROY EUGENE            DOB: 02/16/1983   RACE: W SEX: M
RECEIVED..: 07/12/2018 UNIT..: BC  BILL CLEMENTS
SENT BEGN.: 09/08/2015                                                  S3
NET SENT..: 0035Y 00M 00D LEGISLATURE:     80TH    OUT OF CUST.:
MIN EXP DT: 09/07/2050    MS CALC CD.: N           BONUS TIME..:      0
MAX EXP DT: 09/07/2050    PAR CALC CD: FLAT ONLY   TDC CALC PAR: 09/07/2050
----------------------------------------------------------------------------
   OFFENSE          MAX. TERM YMD  OFF DATE   SENT DATE CC P COURT COUNTY
 DESCRIPTION        /SENT BEG                          CU L CAUSE
                    /MIN EXP        /MAX EXP        /PAROLE
                    /OUT OF CUST.

----------------------------------------------------------------------------
**                  0035Y 00M 00D 01/27/2008 06/15/2018 CC N 338 HARRIS
                    09/08/2015    JAIL GT:Y      145984601010       CNT:00
                    09/07/2050    09/07/2050 09/07/2050 MSCLC:   PRLCL:F
                    DEC: MJ00404  QCC: ST00189


JAIL GOOD TIME CREDITED FROM SENTENCE BEGIN DATE
70/72/73/80/81/82/83/84/85/86TH LEG:NON-MANDATORY SUPV PROSPECT
CALC. PAROLE ELIG. ON CALENDAR TIME              145984601010        00

REMARKS...: 05/18/2020:MANDATE RECEIVED FROM FIRST DISTRICT
                       COURT OF APPEALS AFFIRMING THE TRIAL
                       COURT JUDGMENT ON CAUSE#145984601010.
                       APPEAL FIELD CLEARED. NO OTHER CHANGES
                       MADE.
                       JM
            REQUESTED DATA
```

*Sentence Attachment 2 of 6*



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## INTER-OFFICE COMMUNICATIONS

*76-22*

To: Ussery, Roy #02204802                    Date: 07/30/2020

From: RAB / AAIV                             Subject: Correspondence
       Time & Disciplinary

Your correspondence/time dispute was forwarded to me for review:

If you feel there is an error regarding anything on your judgment, you must contact the county of conviction. We cannot alter your records without a court order.

*Sentence Attachment 3 of 6*



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## INTER-OFFICE COMMUNICATIONS

To: Ussery, Roy #02204802                     Date: 08/24/20

From: RAB / AAIV                              Subject: Correspondence
       Time & Disciplinary

Your correspondence/time dispute was forwarded to me for review:

There are no errors in your time calculations. Cause #145984601010 was entered with the information provided to us by your county of conviction. If you feel there is an error, you must contact the county of conviction to have it corrected. We cannot alter your records without a court order.

Sentence Attachment 4 of 6

| 80th LEGISLATURE *(continued)* | | |
| 09/01/2007 – 08/31/2009 | | |
| **OFFENSES** | **PAROLE ELIGIBILITY** | **COMMENTS** |
| The offenses listed below are NOT eligible for Mandatory Supervision:<br>– Aggravated Assault, 1st or 2nd Degree–22.02<br>– Aggravated Kidnapping, 1st or 2nd Degree–20.04<br>– Aggravated Robbery, 1st Degree–29.03<br>– Aggravated Sexual Assault, 1st Degree–22.021<br>– Any offense with Affirmative finding of Deadly Weapon<br>– Arson, 1st Degree–28.02<br>– Burglary of a Habitation, 1st Degree–30.02 with intent to commit felony other than theft<br>– Capital Murder–19.03<br>– Indecency w/Child–21.11<br>– Injury to a Child or Elderly or Disabled Individual, 1st Degree–22.04<br>– Murder, 1st or 2nd Degree–19.02<br>– Robbery, 2nd Degree–29.02<br>– Sexual Assault, –22.011<br>– *Sexual Performance by a Child–43.25<br><br>A Felony Increased Under Health & Safety Code 481.134 (Drug-Free Zones).<br><br>A Felony Increased Under Health & Safety Code 481.140 (Use of Child in Commission of Offense).<br><br>Any offense committed on or after 09/01/1996 with a <u>prior</u> conviction to include any above listed offenses. | Ineligible for Mandatory Supervision. | Gov't Code 508.149<br><br>*Effective 09/01/2007 |
| Discretionary Mandatory Supervision. | | Gov't Code 508.149(b)<br>An offender may be denied mandatory supervision by a parole panel for the following reasons:<br>– Offender will endanger the public AND<br>– Offender's accrued good conduct time is not an accurate reflection of the offender's potential for rehabilitation. |
| * The offenses listed below are NOT eligible for Parole or Mandatory Supervision:<br>– Aggravated Sexual Assault - 22.021(f)<br>– Continuous Sexual Abuse of a Young Child or Children - 21.02 | Ineligible for Parole. Ineligible for Mandatory Supervision. | Gov't Code 508.145(a)<br>Gov't Code 508.149<br><br>* Effective 09/01/2007 |

*Sentence Attachment 5 of 6*



**80th LEGISLATURE (continued)**

**09/01/2007 – 08/31/2009**

| OFFENSES | PAROLE ELIGIBILITY | COMMENTS |
|---|---|---|
| Offender is serving a Life Sentence for one of the following listed offenses:<br>–Aggravated Kidnapping (with intent to violate or abuse the victim sexually) - 20.04(a)(4) | Calendar Time = 35 yrs. | Gov't Code 508.145(c)<br>PC 12.42(c)(2) |
| –*Aggravated Sexual Assault – 22.021<br>– Indecency w/Child – 21.11(a)(1)<br>– Sexual Assault – 22.011<br>– Burglary of Habitation with Intent to Commit any of the following listed sexual offenses: - 30.02<br>    –Aggravated Kidnapping (with intent to violate or abuse the victim sexually) - 20.04(a)(4)<br>    – Aggravated Sexual Assault – 22.021<br>    – Indecency w/Child – 21.11<br>    – Sexual Assault – 22.011 | *22.021(f) does not apply | *Effective 9-1-2007 |
| AND has a previous conviction one of the following offenses:<br>–Aggravated Kidnapping (with intent to violate or abuse the victim sexually)–20.04(a)(4)<br>– Aggravated Sexual Assault–22.021<br>– Indecency w/Child–21.11<br>– Obscenity (images of child under the age of 18)–43.23(h)<br>– Possession or Promotion of Child Pornography–43.26<br>– Prohibited Sexual Conduct–25.02<br>– Sexual Assault–22.011<br>– Sexual Performance by a Child–43.25<br>– Burglary of Habitation with Intent to Commit any of the following listed sexual offenses:–30.02<br>    –Aggravated Kidnapping (with intent to violate or abuse the victim sexually)–20.04(a)(4)<br>    – Aggravated Sexual Assault—22.021<br>    – Indecency w/Child—21.11<br>    – Sexual Assault—22.011<br>    – Prohibited Sexual Conduct—25.02<br>Offense in another state similar to any above offenses. | | |

*Handwritten annotations:*

note: Jury's verdict on Special Issue was unanimous State DID NOT prove beyond a reasonable doubt defendant committed offense on or after 9-1-2007

Sentence Attachment 6 of 6