IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

Roy E. Ussery,                          §    CIVIL ACTION NO.
    Petitioner Pro Se               §
                                    §        4:22-cv-03614
v.                                      §
                                    §    MOTION FOR LEAVE TO AMEND ⋈⋈⋈⋈
                                    §    2254 PETITION FOR WRIT OF HABEAS
                                    §    CORPUS 28 USC 2254
Bobby Lumpkin,                          §
    Respondent                      §
Texas Dept. Crim. Justice              §    JUDGE CHARLES ESKRIDGE

---

MOTION FOR LEAVE TO AMEND 2254 PETITION
FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF THIS COURT:

    Roy Ussery, Petitioner in the above-numbered and entitled cause, presents this motion to the court requesting leave to amend his original petition under FRCP 15, and in support of this motion, Petitioner would show unto the court the following:

I.

    Petitioner is bringing this request to amend as a matter of course in that impediments to filing this amendment have prevented a consistent ability to amend within the 21 day period after the payment of the filing fee in this case; see accompanying motion requesting 45 day grant for equitable tolling of time period; However, Petitioner still asserts that the amendment presented herin does relate back and even simplifies the amended pleading to/from the Original Pleading and meets the standard that FRCP 15(c)(1)(B) prescribes "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; additionally the amended pleading provides the supporting attachment necessary to support the issue raised.

PRAYER

    Wherefore, Petitioner prays the court grant leave to amend and so amend the pleadings to include the 10 pages attached of supporting documents and exhibits.

Respecftfully Submitted,

Roy Eugene Ussery, Petitioner PROSE

INMATE DECLARATION

I, Roy Eugene Ussery, Petitioner in this cause being presently incarcerated at the William P. Clements Unit located at 9601 Spur 591 in Amarillo, Texas, Potter County, Texas, do declare under penalty of perjury that the information provided in this motion is true and correct to the best of my knowledge

EXECUTED on this the _9th_ day of _February_ 2023

Roy Eugene Ussery, Petitioner
W P Clements Unit
9601 Spur 591
Amarillo, Texas 79107

CERTIFICATION OF SERVICE

Please  reference Motion requesting court to suspend rules requiring additional copies. I certify that a true and correct copy of this document was placed in the unit mailbox on the date shown below.

EXECUTED on this the _9th_ day of _February_ 2023

Roy Ussery, Petitioner Pro Se

*Amended Petition 10 pages attached*

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE **Southern** DISTRICT OF TEXAS

**Houston** DIVISION

United States Courts
Southern District of Texas
F I L E D

FEB 17 2023

Nathan Ochsner, Clerk of Court

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

**Roy Eugene Ussery**

PETITIONER
(Full name of Petitioner)

**Bill Clements Unit**

CURRENT PLACE OF CONFINEMENT

vs.

**02204802**

PRISONER ID NUMBER

**Bobby Lumpkin**

RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**4:22-CV-03614**

CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____
    _____338th Judicial District Court of_____
    _____Harris County, Texas_____

2.  Date of judgment of conviction: _____06-14-2018_____

3.  Length of sentence: _____35 years_____

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____1459846_____

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☑ Not Guilty     ☐ Guilty     ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☑ Jury     ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes     ☑ No

8.   Did you appeal the judgment of conviction?   ☑ Yes     ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? 1st Court of Appeals of Texas     Cause Number (if known) 01-18-00540-CR

What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

What was the date of that decision? 11-26-2019

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: numerous Numerous grounds Prosecutorial ... arguments — IAC

Result: Refused

Date of result: 03-25-2020     Cause Number (if known): PD-0011-20

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: Denied

Date of result: December 7, 2020

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes     ☐ No

11.  If your answer to 10 is "Yes," give the following information:

Name of court: Court of Criminal Appeals

Nature of proceeding: Writ of Habeas Corpus

Cause number (if known): WR-85,165 -

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

Grounds raised: _Please reference original 2254 Petition- Many of my_

Date of final decision: _records are now missing_ ✳

What was the decision? _Denied ~~in testing~~_

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _Please reference_ ✳

Nature of proceeding: _2254 Original Application_

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _Please reference_ ✳ _Original 2254 Petition_

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☑ No

   (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _N A_

   (b) Give the date and length of the sentence to be served in the future: _N A_

-4-

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☑ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____ N | A

14.   Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☑ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☑ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____ N | A

What was the nature of the disciplinary charge against you? _____

18.   Date you were found guilty of the disciplinary violation: _____ N | A

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status:

_____ N | A
_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

If your answer to Question 19 is "yes," answer the following:

Step 1  Result: _____ N | A

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL - FAILURE TO OBJECT TO STATEMENTS MADE BY PROSECUTOR DURING CLOSING ARGUMENTS -

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   See attached "Applicant's Objections To Trial Court's Findings of Fact and Conclusions of Law"

B. **GROUND TWO:** _____

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

C.  **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.  **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.  Relief sought in this petition:  ___See attached Findings of___

___Fact_____

_____

_____

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?  ☑Yes  ☐No
If your answer is "yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

_This is an Amended Petition_

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes    ☑ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____ N/A _____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _R. P. Skip Cornelius_____

(d)  At sentencing: _R. P. Skip Cornelius_____

(e)  On appeal: _Cheri Duncan_____

(f)  In any post-conviction proceeding: _Thomas Abbate_____

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____

_____ N/A _____

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

*See Original Application. I do not have many of my records anymore. They are lost or missing*

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____


    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_02-09-2023_____ (month, day, year).

Executed (signed) on ___02-09-2023___ (date).

_____

Signature of Petitioner (required)

Petitioner's current address: ___9601 SPUR 591    Amarillo, TX    79107___

-10-

NO. 1459846-A

EX PARTE      §     IN THE DISTRICT COURT

                §     338TH JUDICIAL DISTRICT

ROY E. USSERY     §     HARRIS COUNTY, TEXAS

**APPLICANT'S OBJECTIONS TO TRIAL COURT'S**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Now comes **ROY E. USSERY**, Applicant, in the above styled and numbered cause, and objects to the Trial Court's Findings of Fact and Conclusion pursuant to Tex. R. App. Proc. 73.4(b)(2), and would the following:

1. Applicant objects to the Court of Criminal Appeals' decision denying Applicant's point of error 3.

2. The trial court finds Cornelius's affidavit to be credible. (5 e.)

3. Cornelius clearly accepted responsibility for, and did not deny, failing to object to the State's jury argument.

4. The jury argument at issue here was used by the prosecutor to get before the jury evidence that was outside the record.

5. The jury argument at issue here amounted to the prosecutor vouching for the credibility of its own witness.

6. Had trial counsel objected to the argument, the trial court would have abused its discretion if it had overruled the objection and denied a motion for mistrial.

7. Had trial counsel objected to the argument, the Court of Appeals would have been required to reverse the conviction.

8. The applicant has shown harm as a result of trial counsel's alleged failure to object to the prosecutor's closing arguments.

9. The applicant has shown trial counsel's representation fell below an objective standard of reasonableness regarding the improper argument from the prosecution.

10. There is a reasonable probability that the outcome would have been different but for counsel's deficiency.

11. The law provides for, and presumes, a fair trial free from improper argument by the prosecuting attorney. *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).

12. Proper jury argument includes four areas: (1) summary of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's arguments; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000).

13. A prosecutor may not use the jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. *Borjan v. State*,

787 S.W.2d 53, 57 (Tex. Crim. App. 1990) (citing *Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App. 1983))

14.    Moreover, a prosecutor cannot vouch for the credibility of its own witnesses by giving unsworn testimony. *Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981); *Hinojosa v. State*, 433 S.W.3d 742, 763 (Tex. App.- San Antonio 2014, pet. ref'd).

15.    A defendant has a Sixth Amendment right to effective assistance of counsel. U.S. Const. Amend. VI; *See Strickland v. Washington*, 466 U.S. 668 (1984).

16.    The *Strickland* standard requires that an applicant establish two components by a preponderance of the evidence: (1) deficient performance of trial counsel and (2) harm resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 687.

17.    An attorney's performance is deficient when it falls "below an objective standard of reasonableness" under prevailing professional norms and according to the necessity of the case. *Ex Parte Moore*, 395 S.W.3d 152, 156-57 (Tex. Crim. App. 2013).

18.    An attorney's deficient performance prejudices an accused when there is a reasonable probability that the outcome of the trial would have been different but for counsel's deficiency. *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

19.    Therefore, applicant was prejudiced by his attorney's deficient performance in failing to object to the prosecutor's improper jury argument and is entitled to a new trial.

20.    Therefore, Applicant duly objects to the Trial Court's Findings of Fact and Conclusions of Law regarding its recommendation that relief be denied.

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that a writ of habeas corpus be issued by operation of law, and that this Court find that Applicant received ineffective assistance of trial counsel, reverse the judgment of the trial court, and remand for further proceedings in light of this Court's rulings. Applicant further prays for all other relief to which he may be entitled.

Respectfully submitted,

TOM ABATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
OFFICE: (713) 223-0404
FAX: (800) 501-3088
tom@tomabatelaw.com
SBOT # 24072501

EX PARTE          :          IN THE DISTRICT COURT
                  :
                  :          338TH JUDICIAL DISTRICT
                  :
ROY E. USSERY     :          HARRIS COUNTY, TEXAS

NO. 1459846-A

## APPLICANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has considered the application for writ of habeas corpus, the trial transcript, the affidavit of R.P. Cornelius, and official court records in the above-captioned cause. The Court finds that there are controverted, previously unresolved facts material to the legality of the applicant's confinement and recommends that the relief requested be GRANTED based on the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The applicant, Roy E. Ussery, is confined pursuant to the judgment and sentence of the 338th District Court of Harris County, Texas, in cause number 1459846.

2. On June 11, 2018, the applicant's jury trial began in cause number 1459846.

3. R. P. Cornelius represented the applicant at trial.

4. Prior to voir dire, the trial court conducted a hearing regarding the applicant's Motion for Speedy Trial. (RR.II – 6-52).

Page | 1

5. The trial court denied the applicant's Motion for Speedy Trial. (RR.II – 52).

6. On June 14, 2018, a jury found the applicant guilty of aggravated sexual assault of a child under six years of age in cause number 1459846. *Applicant's Writ Exhibit "A", Judgment of Conviction; and Applicant's Writ Exhibit "B", Verdict Form.*

7. During punishment, the jury found that the State failed to prove the applicant committed aggravated sexual assault of a child under six years of age on or after September 1, 2007 and assessed punishment at confinement for 35 years in the Texas Department of Criminal Justice – Institutional Division. *Applicant's Writ Exhibit "C", Special Issue and Punishment Verdict.*

8. The applicant filed a direct appeal arguing that he was denied the right to a speedy trial and the trial court erred in denying his motion to dismiss based on the alleged violation. *Ussery v. State*, 596 S.W.3d 277, 281 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd).

9. The First Court of Appeals affirmed his conviction. *Id.*

10. On July 9, 2021, the applicant filed an application for a writ of habeas corpus.

11. The State did not file an answer.

12. On August 24, 2021, the Harris County District Clerk forwarded the writ to the Court of Criminal Appeals.

Page | 2

13. On October 20, 2021, the Court of Criminal Appeals remanded the case to the trial court for the trial court to make findings of fact and conclusions of law regarding whether trial counsel was ineffective for failing to (1) properly advise the applicant; (2) assert the applicant's speedy trial claim earlier and accurately; and (3) object to statements made by the prosecutor during closing arguments. *Applicant's Writ Exhibit "D", Remand Order.*

14. On October 22, 2021, the trial court appointed Thomas Abbate to represent the applicant in the instant habeas proceeding.

15. On October 25, 2021, the trial court ordered trial counsel, R.P. Cornelius (hereinafter "Cornelius"), to file an affidavit responding to the applicant's claims.

16. On November 29, 2021, Cornelius filed an affidavit with supporting exhibits in response to the trial court's October 25, 2021 Order. *Applicant's Writ Exhibit "E", Affidavit of R.P. Cornelius with supporting Exhibits.*

17. The trial court finds Cornelius's affidavit to be credible.

18. Cornelius clearly accepted responsibility for, and did not deny, failing to object to the State's jury argument. *Applicant's Writ Exhibit "E", Affidavit of R.P. Cornelius.*

19. The applicant fails to show trial counsel provided incorrect advice to the applicant.

20. The applicant fails to show the trial court would have ruled in the applicant's favor had trial counsel asserted his speedy trial claim earlier.

21. The applicant fails to show the results of his direct appeal would have been different had trial counsel asserted his speedy trial claim earlier.

22. The applicant fails to show harm as a result of trial counsel's alleged failure to timely and accurately assert his speedy trial claim.

23. The jury argument at issue here was used by the prosecutor to get before the jury evidence that was outside the record.

24. The jury argument at issue here amounted to the prosecutor vouching for the credibility of its own witness.

25. Had trial counsel objected to the argument, the trial court would have abused its discretion if it had overruled the objection and denied a motion for mistrial.

26. Had trial counsel objected to the argument, the Court of Appeals would have been required to reverse the conviction.

27. The applicant has shown harm as a result of trial counsel's alleged failure to object to the prosecutor's closing arguments.

28. The applicant has shown harm as a result of trial counsel's alleged failure to object to the State's jury argument.

29. The applicant has shown trial counsel's representation fell below an objective standard of reasonableness regarding the improper argument from the prosecution.

## CONCLUSIONS OF LAW

1. The law provides for, and presumes, a fair trial free from improper argument by the prosecuting attorney. *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).

2. Proper jury argument includes four areas: (1) summary of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's arguments; and (4) pleas for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000).

3. ... A prosecutor may not use the jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990) (citing *Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App. 1983)).

4. Moreover, a prosecutor cannot vouch for the credibility of its own witnesses by giving unsworn testimony. *Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981); *Hinojosa v. State*, 433 S.W.3d 742, 763 (Tex. App.- San Antonio 2014, pet. ref'd).

5. A defendant has a Sixth Amendment right to effective assistance of counsel. U.S. Const. Amend. VI; *See Strickland v. Washington*, 466 U.S. 668 (1984).

6. The *Strickland* standard requires that an applicant establish two components by a preponderance of the evidence: (1) deficient performance of trial counsel

30. There is a reasonable probability that the outcome would have been different but for counsel's deficiency.

and (2) harm resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 687.

7. An attorney's performance is deficient when it falls "below an objective standard of reasonableness" under prevailing professional norms and according to the necessity of the case. *Ex Parte Moore*, 395 S.W.3d 152, 156-57 (Tex. Crim. App. 2013).

8. An attorney's deficient performance prejudices an accused when there is a reasonable probability that the outcome of the trial would have been different but for counsel's deficiency. *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

9. Therefore, applicant was prejudiced by his attorney's deficient performance in failing to object to the prosecutor's improper jury argument and is entitled to a new trial.

Accordingly, it is recommended to the Texas Court of Criminal Appeals that the relief requested under both issues in the instant writ application be GRANTED.

**ORDER**

THE CLERK IS **ORDERED** to prepare a transcript of all papers in cause number **1459846-A** and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE ANN. art. 11.07. The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus;
2. The Applicant's Memorandum in Support;
3. The State's Answer;
4. The Court's order;
5. State's Proposed Findings of Fact, Conclusions of Law and Order; and
6. The applicant's Proposed Findings of Fact.

THE CLERK is further **ORDERED** to send a copy of this order to counsel for the applicant, Tom Abbate, 440 Louisiana St., Suite 200, Houston, Texas 77002; and to counsel for the State, Jill Burdette, Harris County District Attorney's Office, Post-Conviction Writs Division, 500 Jefferson, Suite 600, Houston, Texas 77002, BURDETTE_JILL@dao.hctx.net.

**By the following signature, the Court adopts the Applicant's Proposed Findings of Fact, Conclusions of Law and Order in Cause Number 1459846-A.**

Signed on the _____ day of _____, 20__.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

This is to certify that on FEBRUARY 24, 2022 a true and correct copy of the above and

foregoing document was served on all parties of record.

TOM ABBATE
440 LOUISIANA STE 200
HOUSTON, TX 77002
OFFICE: (713) 223-0404
FAX: (800) 501-3088
tom@tomabbatelaw.com
SBOT # 24072501

Page 19



CAUSE NO. 1459846

| THE STATE OF TEXAS | § | IN THE 338TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| ROY EUGENE USSERY | § | JANUARY TERM, A. D., 2018 |

V E R D I C T

"We, the Jury, find the defendant, Roy Eugene Ussery, not guilty."

_____
Foreman of the Jury

_____
(Please Print) Foreman

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this ___January 6, 2022___

Certified Document Number:        80410053 Total Pages: 8

_Marilyn Burgess_

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

"We, the Jury, find the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child under six year of age, as charged in the indictment."

_____
Foreman of the Jury

Nathan Elrod.
_____
(Please Print) Foreman

**F I L E D**
Chris Daniel
District Clerk

JUN 14 2018

Time: _____
Harris County, Texas
By_____
Deputy

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

---

CAUSE NO. 1459846                    P12

| THE STATE OF TEXAS | § | IN THE 338TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| ROY EUGENE USSERY | § | JANUARY TERM, A. D., 2018 |

Members of the Jury:

Having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child under six, it now becomes your duty to assess the punishment in this case.

If you unanimously answer the special issue in the affirmative, the law states that if the defendant is sentenced to imprisonment in the institutional division of the Texas Department of Criminal Justice for the offense of aggravated sexual assault of a child younger than six years of age, the defendant will be ineligible for release on parole.

If you unanimously answer the special issue in the negative, the law states that, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or thirty years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct items might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

ATTACHMENT C-1

You are instructed that the defendant may testify in his own behalf if he chooses to do so, but if he elects not to do so, that fact cannot be taken by you as a circumstance against him nor prejudice him in any way. The defendant has elected not to testify in this punishment phase of trial, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever.

Following the arguments of counsel, you will retire to deliberate your verdict.

_Belinda Hill_

Belinda Hill, Judge Presiding
338th District Court
Harris County, TEXAS

**FILED**
Chris Daniel
District Clerk

JUN 1 5 2018

Time: _1:5X pm_
Harris County, Texas
By _____
Deputy

Certified Document Number: 80410054 - Page 3 of 12

Certified Document Number: 80410054 - Page 5 of 12

The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

You are further instructed that in fixing the defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge.

Your verdict must be by a unanimous vote of all members of the jury. In arriving at the amount of punishment to be assessed, it will not be proper for you to fix the same by lot, chance, any system of averages, or any other method than by a full, fair, and free exercise of the opinion of the individual jurors, and you must not refer to nor discuss any matter not in evidence before you.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but you are bound to receive the law from the court, which has been given you.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence. After you have reached a unanimous verdict, the Foreman will certify thereto by using the appropriate form attached to this charge and signing the same as Foreman.

Certified Document Number: 80410054 - Page 4 of 12

CAUSE NO. 1459846

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 338TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| ROY EUGENE USSERY | § | JANUARY TERM, A. D., 2018 |

SPECIAL ISSUE

Now, having found the defendant guilty of the offense of aggravated sexual assault of a child under six years of age, you must determine whether or not, beyond a reasonable doubt, the defendant committed aggravated sexual assault of a child under six years of age on or after September 1st, 2007.

The burden of proof is beyond a reasonable doubt, and that burden rests on the State.

Now, bearing in mind the foregoing instruction, if you find from the evidence beyond a reasonable doubt that on or after September 1st, 2007, in Harris County, Texas, the defendant, Roy Eugene Ussery, did then and there unlawfully, intentionally or knowingly cause the mouth of Nova Rosas, a child younger than six years of age, to contact the sexual organ of the defendant, you must make an affirmative finding as to the special issue, and the punishment you must assess is by confinement in the institutional division of the Texas Department of Criminal Justice for any term of not less than twenty-five years or more than ninety-nine years or life. In addition, a fine not to exceed $10,000.00 may be imposed.

Certified Document Number: 80410054 - Page 6 of 12

f8

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this _February 7, 2022_

Certified Document Number:        90492265 Total Pages: 2

Marilyn Burgess
Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 1459846

THE STATE OF TEXAS          §   IN THE 338TH DISTRICT COURT
VS.                         §   OF HARRIS COUNTY, TEXAS
ROY EUGENE USSERY           §   JANUARY TERM, A. D., 2018

Members of the Jury:

The defendant, Roy Eugene Ussery, stands charged by indictment with the offense of aggravated sexual assault of a child under six year of age, alleged to have been committed on or about the 27th day of January, 2008, in Harris County, Texas. The defendant has pleaded not guilty.

Our law provides that a person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the mouth of a child to contact the sexual organ of another person, including the defendant; and if the victim is younger than six years of age.

"Child" means a person younger than seventeen years of age.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of January, 2008, in Harris County, Texas, the defendant, Roy Eugene Ussery, did then and


RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

there unlawfully, intentionally or knowingly cause the mouth of Nova Rosas, a child younger than six years of age, to contact the sexual organ of the defendant, then you will find the defendant guilty of aggravated sexual assault of a child, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time within the period of limitations. There is no limitation period applicable to the offense of aggravated sexual assault of a child younger than six years of age.

C-2

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a right accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

In this case, the defendant has elected not to testify and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you,

and these instructions, you will acquit him and say by your verdict "Not Guilty."

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

After you retire to the jury room, you should select one of your members as your Foreman. It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as Foreman.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written, prepared and signed by the Foreman and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any questions you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause

and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

Your verdict must be by a unanimous vote of all members of the jury.

Following the arguments of counsel, you will retire to consider your verdict.

*Belinda Hill*

Belinda Hill, Judge Presiding
338th District Court
Harris County, TEXAS

FILED
Chris Daniel
District Clerk

JUN 14 2013

Time: _____
Harris County, Texas
By _____ Deputy

If you do not find beyond a reasonable doubt that the offense for which you have found the defendant guilty was committed on or after September 1, 2007, or if you have a reasonable doubt thereof, you must make a negative finding as to the special issue, and the punishment you must assess is by confinement in the institutional division of the Texas Department of Criminal Justice for any term of not less than five years or more than ninety-nine years or life. In addition, a fine not to exceed $10,000.00 may be imposed.

Do you the Jury unanimously find that the State proved beyond a reasonable doubt that the defendant, having committed the offense of aggravated sexual assault of a child under six, committed aggravated sexual assault of a child under six on or after September 1st, 2007?

The Jury will answer either, "We do" or "We do not."

ANSWER: We do not

_____
Foreman of the Jury



Certified Document Number: 80410054 - Page 7 of 12

Certified Document Number: 80410054 - Page 8 of 12

CAUSE NO. 1459846

| THE STATE OF TEXAS | § | IN THE 338TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| ROY EUGENE USSERY | § | JANUARY TERM, A. D., 2018 |

CHOOSE ONE

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made a negative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for life."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made a negative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for life and assess a fine in the amount of $_____."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made a negative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for ___35___ years."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made a negative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for _____ years and assess a fine in the amount of $_____."

_____
Foreman of the Jury

Certified Document Number: 80410054 - Page 9 of 12

Certified Document Number: 80410054 - Page 10 of 12

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made an affirmative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for life."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made an affirmative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for _____ years."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made an affirmative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for life and assess a fine in the amount of $_____."

_____
Foreman of the Jury

"We, the Jury, having found the defendant, Roy Eugene Ussery, guilty of aggravated sexual assault of a child younger than six years of age, and having made an affirmative finding to the special issue, assess his punishment at confinement in the institutional division of the Texas Department of Criminal Justice for _____ years and assess a fine in the amount of $_____."

_____
Foreman of the Jury

Certified Document Number: 80410054 - Page 11 of 12

Certified Document Number: 80410054 - Page 11 of 12



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this January 6, 2022.

Certified Document Number:      80410054 Total Pages: 12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,165-03

**EX PARTE ROY EUGENE USSERY, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1459846-A IN THE 338TH DISTRICT COURT
FROM HARRIS COUNTY**

*Per curiam.*

## ORDER

Applicant was convicted of aggravated sexual assault of a child[1] and sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Ussery v. State*, 596 S.W.3d 277 (Tex. App.—Houston [1st Dist.] 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to properly advise Applicant; failed to assert Applicant's speedy trial claim earlier and accurately;

_____
[1] It appears that the judgment erroneously cites the conviction as super aggravated sexual assault of a child younger than six years of age.

STATE'S writ
EXHIBIT
12

11/29/2021 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59515414
By: T Reed
Filed: 11/29/2021 2:05 PM

2

and failed to object to improper statements made by the prosecutor during closing arguments. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:        October 20, 2021
Do not publish

---

CAUSE NO. 1459846 A

| | | |
|---|---|---|
| STATE OF TEXAS | : | **AFFIDAVIT** |
| COUNTY OF HARRIS | : | |

My name is **R. P. CORNELIUS**. I am an attorney licensed to practice law in the State of Texas since 1972. My bar card number is 04831500. My office address is 2028 Buffalo Terrace, Houston, Texas, 77019, and my telephone number is (713) 237-8547.

I am also admitted to the bar in good standing in the United States District Court For The Southern District Of Texas and the Fourth, Fifth, and Eleventh Circuit Courts Of Appeals, as well as, the United States Supreme Court. I am Board Certified in the field of criminal law by the Texas Board of Legal Specialization. I am a former Assistant District Attorney for Harris County, Texas, and a former Assistant United States Attorney for the Southern District of Texas. My Notice Of Appearance And Motion To Appear Pro Hac Vice has been approved in State or Federal court in the following states: California, Connecticut, Florida, Illinois, Louisiana, Michigan, New Hampshire, North Carolina, and Virginia. I have never been found ineffective, denied admission, or disciplined by any court.

I have been ordered by the Court to provide an affidavit answering several issues which have been presented to me as potential grounds for an allegation of ineffective assistance of counsel.

I did represent Roy Eugene Ussery in the 338th District Court in the case for which a post conviction writ of habeas corpus has been filed and I will provide my answers to the questions I have been ordered to respond to.

I must say that I do not remember much about the actual trial of this case. Even after reviewing the records I have not much independent memory of the trial. I have included all correspondence sent by me to Mr. Ussery, as well as copies of all motions, briefs, or addendums concerning the writ or his bond in general, as an attachment to this affidavit; and further, the motion for funding for an investigator and that particular correspondence. Some of this is included in his writ but I have included it all my as part of my affidavit.

STATE'S EXHIBIT
E

---

With this understanding I will begin to answer the questions I have been ordered to answer.

With respect to question one:

I advised him to the best of my ability.

As to question two:

The record will reflect when I asserted his speedy trial claim and whether it was asserted accurately. I did not assert it earlier because I did not feel he had an arguable claim until such time as I asserted it.

As to question three:

I have re-read the argument but honestly do not remember the prosecutor's argument or what I may have been thinking at the time it was made. If I failed to object to something I should have, and if that might have effected the outcome of the trial, then that fault is mine. I am certain the record is accurate.

R. P. Cornelius

SWORN TO AND SUBSCRIBED BEFORE me on this the 29ᵗʰ day of
November , 2021.

TERRY J. FELTON
My Notary ID # 133333332
Expires September 15, 2025

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 59515414
Status as of 11/30/2021 8:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jill Burdette | | Burdette_Jill@dao.hctx.net | 11/29/2021 2:05:28 PM | SENT |
| JILL BURDETTE | | BURDETTE_JILL@DAO.HCTX.NET | 11/29/2021 2:05:28 PM | SENT |

C-4

11/29/2021 2:05:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 59515414
By: T REED
Filed: 11/29/2021 2:05:28 PM



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 7, 2022

Certified Document Number:        99161055 Total Pages: 3

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

---

July 25, 2016

LEGAL MAIL
Roy Ussery   01993756
701 North San Jacinto Street   4B2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy:

I went to the 3rd floor Clerk's Office and they told me, after researching the received
correspondence, that they did not have your writs. They suggested that I attempt to file my copy with
the clerk in the 338th, since it is a pre-conviction writ. By the time I got back the 338th was in trial
and I couldn't speak to the clerk. I re-read the writ and see that you never put the cause number of
the case you are actually filing the writ on. I'm not sure which case you want the writ filed on.
Please write me back and let me know and I will file it.

As I said today, I don't know if you will get relief but I feel that we may get a compromise
reduction just to get off their backs.

Sincerely,

R. P. Cornelius

---

January 20, 2017

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy:

Yesterday I was told to be in the 338th District Court this morning at 9:30 to meet with the
DA and Judge, whom I had never met. When I got there I was told that the new Judge, Ramona
Franklin, was resetting all of her trial docket for a number of months to better prepare herself to try
the cases. When she came out to take the bench we were called up and informed that your case was
being reset to October 13th. The reset is included. Before I could argue for a bond the Judge saw in
the file the failed drug tests. It was a really bad idea for you to screw up your bond.

I have received your latest letter and I am taking into consideration your ideas, especially
about the timing of the indictment and the changes in the punishment range. I will cover that with
the proper motions and make an appropriate record on that matter at the time of trial.

I did copy the writ but am not in support of filing it. I don't think we have any merit with
this writ. I'll read any additional comments you have on this.

Very sorry about the reset.

Sincerely,

R. P. Cornelius

---

September 7, 2017

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy:

I have had a couple of phone calls from your friends about what to respect as the
authorities move forward after the flood. I told both of them that as soon as I knew I would write
you. We are not having court until next week on any settings and a lot has yet to be determined but
this is what I have learned since the flood. From looking in the computer it appears that our October
13th trial setting is still a setting, however it will not be a trial setting.

Because of the flooding, the presiding Judge has said that the earliest trials which could be
held would be no sooner than October 16th, and there is no plan yet as to how that would happen;
however, the last time we were flooded out we did not have trials for 6 months or so. It is very
unlikely that we will go to trial in October on any cases.

You should also know that the Supreme Court of Texas and the Texas Court of Criminal
Appeals have issued an order saying that all delays as a result of the hurricane and resulting flooding
will be considered a reset by operation of law, meaning it supercedes speedy trial rights, at least as
far as flooding being the problem.

I will be in court on October 16th whether you are brought over or not because it will likely
be the only time I will have contact with a prosecutor or Judge on your case. I will tell them we are
ready and most anxious to go to trial but I doubt they will be too impressed by that.

When I know more I will let you know.

Sincerely,

R. P. Cornelius

October 14, 2015

LEGAL MAIL
Roy Ussery  01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

Please find copies of the bond motion and brief which I intend to argue to the Court in your behalf.

I have received all of your mail and I appreciate the effort you are putting into your defense. The problem is I can not make the system run any faster than it does. Some of my clients do not ever want a trial, for fear of the consequences, and some want a trial immediately, but I am not in control of how fast a case will go to trial. We are a long way away from trial and until we actually have a trial date no one is going to take us seriously. Sorry, but this is how it is.

I am actually in trial right now on a capital murder case where the State is seeking the death penalty. I will not be done by October 27th. I will be in trial that day. Hopefully, my trial Judge will allow me to come to your court that morning and talk with you about your case, but I'm not sure. If I am not there Laura will come and talk with you and get us the next available date.

Sincerely,

R. P. Cornelius

---

October 18, 2017

LEGAL MAIL
Roy Ussery  01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

Long time no see.  Looks like it will be longer.  The Judge reset your trial to April 27, 2018, with a pre-trial conference on March 27, 2018.  I have included the reset agreement.

You have no doubt read that the CCA and Supreme Court Of Texas have suspending all legal time frames in Harris County due to the flood and the inability to try cases timely.  This includes speedy trial.

We are supposed to have the ability to try jail cases within the next few weeks but we will have only 2 courtrooms to share with 22 sitting district courts and the 2 project courts. I tell you this because the reality is that it is very unlikely that we will be able to go to trial on your case in April. I will be ready but so will a lot of cases and many of them much older than yours.

Sincerely,

R. P. Cornelius

---

November 29, 2017

LEGAL MAIL
Roy Ussery  01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

I have received all of your letters.  Let me be clear on a couple of things.

First, the CCA and Supreme Court Of Texas have suspended all legal time frames in Harris County due to the flood and the inability to try cases timely.  This includes speedy trial.  The Appellate Courts have essentially ruled this an "act of God".  You are not being denied a speedy trial. Harris County has 22 Criminal District Courts and 2 Impact Courts, which Impact Courts are for trying capital murder cases where the State is not seeking the death penalty or very old felony cases, so 24 Criminal District Courts.  So far 2 courtrooms in the old Family Law Center have been made available to try felony jail cases.  Two courtrooms to do the trial work of 24 District Courts. I do not know when your cases will be tried.  I hope in April but I am not in control of any of this.

Second, and just to set the record straight, you were on bond.  You drove me crazy and worked me to death to help get you out on bond, remember?  Do you remember me telling you how lucky you were to be out on bond and not to screw it up because you would play hell getting another one.  What did you do?  You went out and used drugs and lied to me about it.  Not once, not twice, you kept on using drugs.  You told me how innocent you were and, based on that, I challenged all of their findings and required more testing and you continued lying to me.  I risked my relationship with the Judge because I wanted to believe you, but you were lying and finally you admitted it to me. I actually have very limited responsibility with respect to your bonds. It has been used up.  I am not filing a writ for you on your bonds.  I pressed the new Judge to set bonds and she said no, she was not going to have you out on bond doing drugs.

I will be prepared for your trial.  I have no idea if the witnesses will ever show up.  As far as I know they have never been any where near showing up for trial.  Like everything else, we'll see. But if they do show up I will try the hell out of your cases and I hope to win all of them, but again, we'll see.

We do not have a speedy trial issue at this time.  The Judge has denied your bond requests.

Sincerely,

R. P. Cornelius

---

March 27, 2017

LEGAL MAIL
Roy Ussery  01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

Your cases were on the docket for pre-trial conference today and we met with the Judge.  I am sorry we were not there but the jail situation is what it is.  There are a couple of cases older than yours on the docket for April 27th but they are not going to trial on that date.  We are number one up.  The prosecutor was told to have his witnesses in town and ready to go by Monday, the 30th.  We will pick the jury on the 27th and start testimony on the 30th.

I will be coming to prepare you for trial next week.  I have probably told you before about jury selection but I will go over it again because you will be involved in all decisions with respect to whom we strike and whom we keep.  If we don't agree on a particular juror you will make the final decision.  It will be your jury.

The State claims they will have your sister there and plan to call her as an extraneous witness on either guilt/innocence or punishment.  I need to know whom you want as witnesses but you should know calling witnesses, and/or your testimony by itself, almost inevitably opens the door to otherwise inadmissible extraneous testimony.

This is it you are finally going to get your trial.  I will see you next week.

Sincerely,

R. P. Cornelius


C-5

April 6, 2018

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

Please find State's notice of extraneous offenses.  Please read these and I will come to talk to you about them.  I am preparing for the trial.  As far as I know it is going.

We will be ready.

Sincerely,

R. P. Cornelius

---

April 17, 2018

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

I went to court today on your case to discuss trial issues with the prosecutor and Judge; including whether we will be able to create an issue on the date of the alleged offense and what statute will apply, the various extraneous offenses and their admissibility, and what would be admissible on the guilt/innocence phase versus the punishment phase, should you be convicted.

I will file Motion To Dismiss For Lack Of Speedy Trial  and provide you a copy.  It is well documented that you have asked for a speedy trial.  The issue on appeal will be whether you can show harm.  Of course we will provide what we believe the testimony would have been from the two deceased witnesses.  The State will contest our position but we will do the best we can.

The 2008 trip is probably not what we need, at least not on the statute issue, but maybe we can use it on whether or not an offense was committed at all.  The State believes they can show that the two of you did not meet until sometime in 2008, at some concert which they are trying to provide details.  The super aggravated statute was passed and became effective in September of 2007, as you know.  I see this us a serious issue for the State.

The bad news today is that the Judge gave every indication that she will not be able to try your case starting on April 27th or 30th.  She has a men's jail docket on the 27th and a women's jail docket on May 1st.  She all but said she is going to reset the case but will let us know by the end of the week.  Both of us stated we are very interested in trying the case as scheduled and are willing to work around the Court's other settings, but we both realize neither of us are the Judge.

I will work on the Motion To Dismiss.

Sincerely,

R. P. Cornelius

---

April 18, 2018

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

Talked with Alan today, (817) 262-2992, he said for you to give him a call.  He is strong on Ashley telling him that Rick did it but our problem is the hearsay statute.  I'm working on it.

Have not heard from the Judge about trial yet.

Sincerely,

R. P. Cornelius

---

May 17, 2018

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   5C2
Houston, Texas 77002

Re:   Cause Numbers  1459846, 1460001 & 1475966

Dear Roy;

I believe I told you that I didn't expect to go to trial before your trial. well I should have never said that.  I ended up going to trial on two straight complicated aggravated robberies that I never expected to go to trial this year.  I'm done with them and am working on the Motion To Dismiss right now.  I just got your letter but have only scanned it.  I will respond or come see you as soon as I finish this motion.  I like this motion because we can show harm, unless the State abandons anything involving your juvenile conviction, which they won't do.  The Trial Judge probably won't grant the motion but it will be a live issue on appeal.  I like it.

I should finish the motion tomorrow and mail to you or come see you early next week.  Have you talked with Alan?

We must be ready to go to trial on June 1st.  If we move for continuance for any reason it will diminish our Motion To Dismiss so I will be ready.

Gotta go.

Sincerely,

R. P. Cornelius

June 24, 2016

LEGAL MAIL
Roy Ussery   01993756
701 N. San Jacinto Street   4B2
Houston, Texas 77002

    Re:   Cause Numbers 1459846; 1460001; & 1475966

Dear Mr. Ussery;

    Please find a fax and letter to the Harris County jail allowing my investigators to come visit you as needed. When you talk with any of the people listed in the letter it is an "attorney-client privileged communication", meaning they can not reveal anything you tell them except to your attorneys. It is just like talking to me or my wife. I urge you to be very honest with them.

    As we discussed at the jail the other day, do not talk with any one who is not in my correspondence with you and please believe me when I say no one else is going to try to help you.

    We are working your case.

              Sincerely,

              R. P. Cornelius



June 27, 2016

Ron Hickman
Harris County Sheriff
1200 Baker Street
Houston, Texas 77002

    Re:   ROY USSERY; SPN 01993756; LOCATION JA07 4B2;
           CAUSE NUMBERS 1459846; 1460001; & 1475966;
           338TH DISTRICT COURT

Dear Sir:

    I have been appointed to represent the above named defendant. It is a capital murder case. The Judge has approved an investigator, J. J. Gradoni & Associates, State License A5741, to aid me in the defense of this client.

    Please allow him and his staff, identified below, access to the above named and identified client.

James J. Gradoni
TDL 07548615
SS# 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
DOB 12/01/46

Cynthia Klein
TDL 14117154
SS3 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
DOB 12/01/56

Edna Velez
TDL 18290996
SS# 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
DOB 07/24/73

Efrain Gutierrez
TDL 11570586
SS# 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
DOB 02/08/54

    Should you have any questions please do not hesitate to contact me or the Court.

              Sincerely,

              R. P. Cornelius

July 2, 2018

LEGAL MAIL
Roy Ussery   01993756
1200 Baker Street   3D1
Houston, Texas 77002

    Re:   Cause Numbers 1459846, 1460001 & 1475966

Dear Troy;

    I am so glad you have the Harris County Public Defenders Appellate Section handling your appeal. I met with Angela Cameron last Friday and gave her my file. All of it. I did not keep copies. I told her to give it all to you when the PD no longer needs it.

    There is one thing that I forgot to go over with you and it is particularly important with respect to ineffective assistance of counsel (IAC) claims. It applies to everything, but IAC claims in particular. The general rule is if you raise an issue on direct appeal and it is ruled on by the Court Of Criminal Appeals it can not be re-asserted in a Post-Conviction Writ. So a decision must be made about when it is best to raise IAC claims. Must lawyers feel it is better to raise them in Post-Conviction Writs because things sometimes change with the passage of time. Things may be uncovered with the passage of time or people may change their minds or memories, etc.

    Other lawyers believe they can always raise new issues on IAC in Post-Conviction Writs which can be true, but sometimes proving something is a new issue is difficult. Just re-wording a claim that has been ruled on will not create a new issue, in my opinion.

    My advice to you is to think this through before you request to make IAC claims on direct appeal.

    Just to repeat what I have already told you, and I am sure you already know this, but you can only get to Federal court once all of your State remedies are exhausted. This includes IAC issues. So your State court Writ issues will have to be litigated, either on direct appeal or in the writ process, before you can proceed to Federal court.

    The PD's Office knows all of this better than I do and I have no doubt they will give you good advice.

    Good luck,

              Sincerely,

              R. P. Cornelius



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 7, 2022

Certified Document Number:   99161058 Total Pages: 14

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

C-6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jill Burdette on behalf of Jill Burdette
Bar No. 24055492
burdette_jill@dao.hctx.net
Envelope ID: 61507268
Status as of 2/8/2022 8:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas Abbate | 24072501 | tom@tomabbatelaw.com | 2/7/2022 2:44:30 PM | SENT |
| JILL BURDETTE | | BURDETTE_JILL@DAO.HCTX.NET | 2/7/2022 2:44:30 PM | SENT |
| Jason Nerie | | Nerie_Jason@dao.hctx.net | 2/7/2022 2:44:30 PM | SENT |
| Jill Burdette | | Burdette_Jill@dao.hctx.net | 2/7/2022 2:44:30 PM | SENT |

Rory Ussery
W.P. Clements Unit
9601 Spur 591
Amarillo, TX 7910

United States Courts
Southern District of Texas
FILED

FEB 17 2023

Nathan Ochsner, Clerk of Court

Legal Mail

Judge Charles Eskridge
U.S. District Court
P.O. Box 600
Houston, TX 77208