*pg 15-19*
*two-*
*sided*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Roy Eugene Ussery, | § | Request for Leave To Amend and |
| Petitioner | § | Amended Pleading Pursuant FRCP 15 |
| v. | § | |
| | § | Cause No. 4:22-cv-03614 |
| Bobby Lumpkin, Director TDCJ | § | |
| Respondent | § | Judge Charles Eskridge |

**United States Courts**
**Southern District of Texas**
**FILED**

**JAN 0 6 2025**

Nathan Ochsner, Clerk of Court

REQUEST FOR LEAVE TO AMEND ~~AND AMENDED~~ *Grounds/Supplement* PETITION PURSUANT TO FRCP 15
*(ONLy Amend Grounds Presented/Supplement)*

To The Honorable Judge Of This Court:

Roy Ussery, petitioner in the above-numbered and entitled cause, respect-
fully submits this court a request for leave to amend pleadings pursuant to
FRCP 15 for his pending federal writ of habeasx corpus under 28 USC 2254. In
support of this request, petitioner will show unto the court the following:

### I. Statement

Petitioner has submitted multiple motions and pleadings which have likely
created a substantial amount of paperwork for an undertaking for any reviewing
court. The previously submitted filings can be condensed to these included in
the list of pleadings adopted or listed here as grounds.

### II. Primary Considerationn

Many of petitioner's previous filings have noted that there is heavy in-
terference here at this faciloity with petitioner's ability to present his
case. The culprits seem intent at both sabatoging my case as well as intim-
idating me into not filing certain grounds. I have either outrigth stated this
in previous filings or have implied it enough for it to be understood. Petit-
ioner has been concerned about how much involverment many would get into if
he were to outright make certain statements. The fact of the matter is, there
should not be decisions made to the detriment of the petitioner based on in-
timidation, harm, and other tactics from what can only be described as an act
of some sort of domestic, in-prison  terrorism. Petitioner is also concerned
about the level of fraud at play and whether opr not his writing have been
stolen for purposes of copyright or greater.

Please accept this amendment, with the understanding that previous and
recent decisions (within the last two months) have been made under duress and
imp½roper tactics. I'm concerned this is some kind of improper insurance tac-
tic as if Petitioner is intent at an insurance claim. ~~[struck through text]~~

~~[struck through lines]~~

*ALL OTHER GROUNDS TO REMAIN THE SAME.*
*This means the prosecutorial mISconduct claims*
*are still good.*

P. 1

SPECIAL ISSUE VERDICT WAS AN ACQUITTAL AS STATE FAILED TO MEET ITS BURDEN
INCLUDING FACTS FOR MANDATORY MINIMUM OR ANY AGGRAVATING FACTORS
(Ground 1)

Petitioner went to trial for Aggravated Sex. Assault of a Child Under
Six. Tex. P.C. 22.021(f)(1). It was enacted Sept. 1, 2007. See Acts 2007, 80th
Leg. ch. 593. Counsel committed to raising proper charge errors prior to trial
and did so. (See Appendix State Habeas A-1, A-6; See also RR V2 p.42-43). Stat
State Responded it would PROVe defendant MET mother of alleged victim in 2008.
(App. A-6), and insisted on language of 'child under Six' as a "different"
offense under statute. (RR V2 p.44). The alleged offense date was Jan. 27, 200
2008. See Indictment. The above-mentioned offense was thatonly offense submitt
ed to the jury. See RR V10. The jury's verdict on the Special Issue, however,
was that the State DID NOT prove the defendant committed the alleged offense
on or after Sept. 1, 2007. Therefore, when the court instructed the jury to
sentence petitioner to an uncharged offense and punishment range, the court di
did so after the jury had already rendered an acquittal, also thereby finding
the facts and aggravating factors by the court and not the jury, and denied th
the defendant an opportunity to defend.

LEGAL ARGUMENT

The Supreme Court has held that "a jury's verdict of acquittal does not
prevent the sentencing court from considering conduct underlying the acquitted
charge, so long as that conduct has been proved by a preponderance of the evid
ence," United States v. Watts, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed. 2d
554 (1997). Supreme Court Justices have dissenting opinions and concurring in
questions that fairness and constitutionality of allowing courts to factor
acquitted conduct into sentencing calculations. See, e.g., Jones v. United Sta
tes, 574 U.S. 948 948, 949-50, 135 S.Ct. 8, 190 L.Ed. 2d 279 (2014)(noting tha
that it violates the Sixth Amendment when the conduct used to increase defend-
ant's penalty is found by a judge rather than by a jury beyond a reasonable
doubt, and highlighting that this is particularly so when the facts leading to
a substantially unreasonable sentence are ones for which a jury has acquitted
the defendant); Watts, 519 U.S. at 170 (allowing district judges to increase a
sentence based on conduct underlying a charge for which the defendant was acq-
uitted does raise concerns about undercutting the verdict of
acquittal); United States v. Bell, 808 F.3d 926, 928, 420 U.S. App. D.C.
387 (D.C. Cir.2015)("Allowing Judges to rely on acquitted conduct or
uncharged conduct to impose higher sentences than they otherwise would impose
seems a dubious infringement of the rights of due process and to a jury trial"

In applying this precedent, this court can review for clear error the lower courts factual findings to establish guilt. United States v. Vaughn, 585 F.3d 1024, 1031 (7th Cir.2009).

For this purpose, petitioner adopts and incorporatres by reference facts supporting Ground 5---AS LISTED IN STATE HABEAS APPLICATION. The only evidence introduced alleged an offense after Sept. 1, 2007; NO EVIDENCE remains to support an offense for having been committed prior to Sept. 1, 2007.

Petitioner references his ground 13 claim (from previously submitted supplement--adopted and incorporated by reference) As defendant always insisted on his innocence, counsel should have done the dame--however, he was instructed to argue the way he did [counsel was] during sentencing phase by the court after counsel lodged an objection or request for instructed verdict. See RR V10 p.83).

Some aspects of the trial and decision-making are completely within the province of the client--"notably whether to plead guilty, waive the right to a jury trial, testify in opne's own behalf, and forgo an appeal." McCoy v. Louisiana, 138 S.Ct. 1500, 200 L.Ed. 2d 821 (2018). Trial management tactical and strategic decisions such as "what arguments to conclude, regarding the admission of evidence" are all within the lawyers province. (citing Gonzalez v. United States, 553 U.S. 242, 248, 128 S.Ct. 1765, 170 L.Ed. 2d 616 (2008) In this case counsel ws ordained his strategy by being wedged between the court court and the statutes applying to prosecution.

Conclusion

Acquittals have long been "accorded special weight", United States v. Di-Francesco, 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed. 2d 328 (1980), distinguiuishing them from conduct that was never charged and passed upon by a jury. Th This Special weight includes traditionally treating acquittals as inviolate, even if a judge is convinced that the jury was "mistaken". Id. at 130. So far as the criminal justice system is concerned, the defendant "has been set free or judicially discharged from an accusation; released from a charge or suspicion of guilt." McClinton v. United States, 143 S.Ct. 2400 at 2402 (citing Stat v. Marley, 321 N.C. 415, 424, 364 S.E. 2d 133, 138 (1988)(internal quotation marks and alternativesns omitted).

Facts that simply affect a sentence "can be provided....by a preponderanc of the evidence." United States v. O'Brien, 560 U.S. 218, 224, 130 S.Ct. 2169, 176 L.Ed. 2d 979 (2010), but facts needed to establish an element of a crimina offense must be proved beyond a reasonable doubt. In re Winship, 397 "U.S. 358 364, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970). As sentencing factors that changes the degree or range of punishment are actually elements to the offense, then



any lesser or seperate offense was to have been found beyond a reasonable doub
by the court and thus, the Special Issue verdict was an acquittal.

Adopt and incorpabate by reference argument contained in Ground 4. Prev-
iuously submitted Ground 1 in last supplement was actually Ground 4. This
amendment includes a Ground 4.

TCCA'S DENIAL OF USSERY'S PROSECUTORIAL MISCONDUCT CLAIM IS
?UNREASONABLE IN LIGHT OF SUPREME COURT AUTHORITY
(Ground 15)

In addressing prosecutorial misconduct claim of Ground 15, the Respondent
asserted Ussery waived his claims at trial because his attorney failed to obje
ect----and cites Ussery's own assertion that counsel failed to object. However,
Respondent misinterprets Ussery's claim. The claim is that counsel failed to
CONTEMPORANEOUSLY object--that is, to object to every additional instance of
misconduct related to Sgt. Hunter's testimony. As the facts show counsel
clearly objected.(RR V6 p.98).

Petitioner adopts and incorporates by reference facts supported in Ground
16 and the legal argument in support of Ground 16.

In eliciting the false testimony elaborated on in Ground 16, the prosec-
utor improperly commented on the defendant's failure to ttstify.

One papublished opinion has stated that "[p]rosecutorial misconduct is an
issue of law[,]" Allen v. Vannoy, 659 F. App'x 792, 806 n.20 (5th Cir.2016)
(unpublished)(citing Geiger v. Cain, 540 F.3d 303, 308 (5th ?Cir 2008). How-
ever, this same opinion makes it clear that prosecutorial misconduct is to be
considered de novo under 2254(d)(1) and noting that, under AEDPA, district
courts must determine if the state court's treatment of a prosecutorial mis-
conduct claim was contrary to clearly established federal law as determined by
the U.S. Supreme Court). TCCA's denial is contrary to the following establishe
ed authorities: (to include those elaborated in Grounds 16 and 14).

## COMMENTING ON FAILURE TO TESTIFY

A comment or a defendant's failure to testify violates the self-incrim-
ination Clause of the Fifth Amendment and was made applicable to the States by
the Fourteenth Amendment in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489
12 L.Ed. 2d 653 (1964).

Without question, it is unacceptable for a prosecutor to disparage a def-
endant's exercise of his constitutional rights to silence." To punish a person
because he has done what the law plainly allows him to do is a due process
violation of the most basic sort." Bordenkircher v. Hayes, 434 U.S. 357, 363,
98 S.Ct. 663, 54 L.Ed. 2d 604 (1978); see also Griffin v. California, 380 U.S.
609, 615, 83 S.Ct. 1229, 14 L.Ed. 2d 106 (1965)("[T]he Fifth Amendment....
forbids either comment by the prosecution on the accused's silence or instruct
ions by the court that such silence or instructions by the Court that such
silence is evidence of guilt."). The Fifth Amendment "forbids....comment by
the prosecutor on the accused's silence[.]" Griffin, 380 U.S. at 615. In essen
ence, "Griffin prohibits the ...prosecutor from suggesting to the jury that



it may treat the defendant's silence as substantive evidence of guilt." Baxter v. Rokk Palmigiano, 424 U.S. 308, 319, 96 S.Ct. 1551, 47 L.Ed. 2d 810 (1976); see also Portuondo v. Agard, 529 U.S. 61, 65, 120 S.Ct. 1119, 146 L.Ed. 2d 47 (2000)(describing "the rationale of Griffin as prohibiting "comments upon a defendant's refusal to testify")(emphasis XXXXXXX in original).

However, the Supreme Court instructs that "a court should not lighlty inf infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." Donnelly v. De-Christoforo, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed. 2d 431 (1974). Consequently, this court "may not find that [the prosecutor] manifested to comment on the defendant's silence...[i]f there was a plausible explanation for [the] comment." United States v. Martinez, 894 F.2d 1445, 1451 (5th ?Cir. 1990). "Ordinarily, the test for determining whether the prosecutoprs remarks were constitutionally impermissible is: (1) whether the prosecutors manifest intent was to comment on the defendant's silence." United States v. Bohuchot, 625 F.2d 892, 901 (5th Cir.2010).

"It is said, however,. that the inference of guilt for failrae to testify as to facts peculiarly within the accused's knowledge is in any event natural and irresistible, and the commnet on the failure does not magnify that interes ts into a penalty for asserting a constitutional privelege." Griffin v. California, 380 U.S. at 614 (citing People v. Modesto, 62 Cal. 2d 436, 452-453, 398 P.2d 753, 762-763). As the defendant was the only person available to rebut th the testimony of Sgt. Hunter because the knowledge of the content of the phone call was squarely within the petitioner and Sgt, Hunter's , petitioner's silence on the issue could be construed as acquiescence. This is especially relev ant because Sgt. Hunter's testimony left an impression with the jury that Ussery admitted guilt in this phone call, somehow incriminating himself. See RR V6 p.987 97. This is precisely the type of event that prosecutorialk misconduct is relevant to a defendant's exercise of his right to not testify, and the prosecutor's attempt to highlight the defendant's failure to testify by noting the defendant "was the person whop spoke with the defendant live and counsel asked him 'Are you surprised tath we're heee today? and this Sgt. said 'Yes I am'. AND THAT IS WASED OFF HIS PHONE CONVERSATION WITH THE DEFENDANT." (RR V7 p.41-42). The jury would have construed this in a manner that the chará acter of the remarkl by the prosecutor was such that the jury would necessitat HHHHX arily construe it as a commant on the defendant's silence; the jury requested readback of this testimony during their deliberations. (RR V7 p.40). es. Williherefore, Taylor's conclusions are contrary to the aforementioned case S. 362 (2000). 6

In addition to the situation where a state court decision is 'contrary to or 'an unreasonable application of clearly established federal law constitutio nal law. 28 USC 2254(d)(2) provides that a state court decision must be rever- sed, and relief must be granted if the state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in ligh t of the evidence presented in the state court proceedings." The application o of this standard was discussed in Miller-El v. Cockrell, 537 U.S. 322 (2003).

Factual determinations by staate courts are presumed correct absent clear and convincing evidence to the contreary 2254(e)(1), and a decision adjudicate ed on the merits in a state court casze and based on a factual determination will not be overturned on factual grounds unless objectiuvely unreaasopnable in light of the evideence presented in the context of federal habeas, defer- ence does not imply abandonment or abdication of judicial review. Deference do does not by definition preclude relief. A federal court can disagaree with a state court's credibility determination, and when guided by AEDPA , comzlude the decision was unreasonable or that the factual promise was incorrect by clear and convincing evidence.

Finally, if a legal issue has not been considered by the state court, thi this court must revciew it de novo. Wiggins v. Smith, 539 U.S. 510, 531 (2003)

Petitioner adopts and incorporates by reference Ground 16 for considerati ion of this Ground 15. This information and argumnets are intended to suppl- ement Ground 15and 16 to gether---where they do not, the arguments of Ground 15 are also adopted and incorphorated by reference.

                                    Kind Regards,

                                    Roy Ussery

VERIFICATION/INMATE DECLARATION

I am an inmate in an institution. Topday I have placed a copy

### PETITIONER'S CONVICTION VIOLATES DOUBLE JEOPARDY
### (Geround 2)

The jury's verdict on the Special Issue was that the jury DID NOT believe the State PROVED beyonds a reasonable doubt that the defendant committed the alleged offense on ar after Sept. 1, 2007. See RR V10 p.107. The alleged offense date was January 27, 2008. See Indictment. And teh alleged offense was enacted un Sept. 1, 2007. See Tex. PO.C. 22.021(f)(1); see also Acts 2007, 80t Leg. ch., 593.

### LEGAL ARGUMENT

The Double Jeopardy Clause provides that "[n]o person shall...be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const Amend. 5. The 'controlling constitutional principle' of the clause, "focuees o on prohibitiopns against multiple trials." United States v. Martin Linen XXXXX Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed. 2d 642 (1977)(internal quotation markls omitted). "[I]t has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and ...is a bar to a subsequent prosecution for the same offense." Green v. United States, 355 U.S. XXX 184, 188 XX 78 S.Ct. 221, 2 L.Ed. 2d 199, 77 Ohio Law Abs. 202 (1957)(internal quotation marks omitted).

"[O]ur cases have defined an acquittal to encompass any ruling that the prosecutions proof is insufficient to establish criminal liability for an offense." Evans v. Michigan, 568 U.S. 313, 318, 133 S.Ct. 1069, 185 L.Ed. 2d 124 (2013). [L]abels do not control our analysis in this context, rather, the substance of [the ruling] does." Id. at 322, 133 S.Ct. 1069, 185 L.Ed. 2d 124. In partticular we look to whether the ruklings substance relate[s] to the ultimate question of guilt or innocence." United States v. Scott, 437 U.S. 82, 98, n.11, 98 S.Ct. 2187 L.Ed. 2d 65 (1978).

Once rendered ,. a jury's verdict of acquittal is inviolate. We have described this principle---"that [a] verdict opf acquittal=...could not be reviewed, no error or otherwise"---as "]p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence." Martin Linen, 430 U.S. at 571, 97 S.Ct. 1349, 51 L.Ed. 2d 642. This bright-line rule exists to preserve the jury's "overriding responsibility...to stand between the accused and a potentiially arbitrary or abusive Governmennt that is in command of the criminal sanc sanction." Id. at 572, 97 S.Ct. 1349, 51 L.Ed. 2d 642.

We have long recognizedx that, whille an acquittal might reflect a j jury's determination that the defendant is innocent of the crime charged, such a verdict might also be "the result of compromise, compassion, lenity, or 0isunderstatonding of the governing law." Evans, 568 U.S. at 318, 133 S.Ct. x80

such a verdict might also be "the result of compromise, compassion, lenity, or misunderstanding ~~XXNNNXXXNNNXXNNNNXXNNXXX~~ of the concerning law." Bravo-Fernandez v. united States~~v.~~580 U.S. 5, 10, 137 S.Ct. 352, 196 L.ed. 2d 242 (2016); see also United States v. Powell, 469 U.S. 57, 65, 105 S.Ct. 471, 83 L Ed. 2d 461 (1984). Whatever the basis, the Double Jeopardy Clause prohibits second-guessing the reason for a jury's acquittal. As a result, "the jury hold an unreviewable power to return a verdict of not guilty even for impermissible reasons." Smith v. United States, 599 U.S. 236, ~~236~~ 253, 143 S.Ct. 1594, 216 L.ed. 2d 238 (2023).

It is well established that whether an acquittal has occurred for purposes of the Double Jeopardy Clause is a question of federal, not state, law. Again, an acquittal occurs when there has been a ruling relat[ing] to the ultimate question of guilt or innocence." Scott, 437 U.S. at 98 S.CT. 2187, 57 L.Ed. 2d 65 (internal quotation marks omitted).

Thus, it is not dispositive whether a fact-finder "acted on its view that the prosecution had failed to prove its case. " Id. at 325, 133 S.Ct. 1069, ~~18~~ 185 L.Ed. 2d 124. Because of this focus on substance over labels, a State's "characterization, as amatter of double jeopardy law, of [a ruling] is not bin ding on us." Smalls v. Pennsylvania, 476 U.S. 140, 144 n.5, 106 S.Ct. 1745, 90 L.Ed. 2d 116 (1986); see also Smith v. Massachusetts, 543 U.S. 462, 468-469, 1 125 S.Ct. 1129, 160 L.Ed. 2d 914 (2005).

To be sure, ~~XXXt~~"[t]he States possess primary authority for defining and enforcing the criminal law," Engle v. Isaac, 456 U.S. 107, 128, 102 S.Ct. ~~155~~ 1558 71 L.Ed. 2d 783 (1982)---a power that ~~pon~~mits States "to regulate proc-edures under which [their] laws are carried out," Patterson v. New York, 432 U S., 197, 201, ~~92~~97 S.Ct. 2319, 53 L.Ed,. 2d 281 (1977). But the ultimate question is whether the Double jeopardy Clasue ~~XXXXXXXXX~~ recognizes an event as an acquittal. In making that determination, we ask whether---given the quest ion of state law---there has been "any ruling that the prosecutions proof is insufficient to establish criminal liability for an ~~XXXXXXX~~ offense." Evans v. , 568 U.S. at 318, 133 S.Ct. ~~XXXX~~,1069, 185 L.Ed. 2d 124. Here, the jury's verdict on the Special Issue constituted an acquittal.

That Ussery's Special Issue verdict that the State "DID NOT" prove beyond a reasonable doubt that Ussery committed this offense on or after Sept. 1,~~XX20~~ 2007, was prefaced with an inconsistent verdict of guilty is of no moment. As the Court has explained, the Double Jeopardy Clause prohibits second-guessing an acquittal for anyu reason. See Martin Linen, 430 U.S. at 571, 97 S.Ct. 1349 51 L.Ed. 2d 642 ~~consistent verdicts, acquittal~~ is an acquittal, even "when a jury returns in-

9️0

inconsistent verdicts, convicting on one count and acquitting on another count
where both counts turn on the very same issue of ultimate fact." Bravo-Fern-
andez, 580 U.S. at 8, 137 S.CT. 2 352, 196 L.Ed. 2d 242. As far as the
Fifth Amendment is concerned, "[i]nconsistency in a verdict is not a suffic-
ient reason for setting it aside." Harris v. Rivera, 454 U.S. 339, 345, 102
S.Ct. 460, 70 L.Ed. 2d 530 (1981)(per curiam).

Petitioner contends that this bar to second-guessing an acquittal applies
in this case to thee verdict on the Special Issue.

Once there has been an acquittal, our cases prohibit any speculatioon
about the reasons for a jury's verrdict---even when there are specific jury
findings that provide a factual basis for such a speculation---"because it is
impossible for a court to be certain about the ground for the verdict without
improperly delving into the jury's deliberatrions." Smith, 599 U.S. at 252-253
143 S.Ct. 1594, 216 L.Ed. 2d 238. Th;e Court simply cannot know why the jury i
in Ussery's case acted as it did, and the Double Jeopardy Clasuse forbids us t
to guess. "To conclude otherwise would impermissibly authorizer KJdges to
usurp the jury right." Id. at 252, 143 S.Ct. 1594, 216 L.Ed. 2d 238.

The jury's verdict on the Special Issue was an acquittal.
Any sentence in place at this moment im in violation of the Double Jeopardy C
Clause.

10

Petitioner submits this amended pleading and requests this court to inclu include and axdopt and incorpaterby reference his prior two supplemntal pleadings submitted if any grounds are missing, except Ground XN.Please accept this amendment.

Kind Regards,

Roy useery

## VERIFICATION/INMATE DECLARATION

I am an inmate in an instuitution. Today I placed a copy of this request to amend in the mail by polacing it in the unit mailbox.

I declare under penalty of perjury that the informatrion included in this request for amendment is ture and correct. XX 28 USC 1746

EXECUTED on this the 26th day of December 2024.

Signed:

Roy Eugene Ussery
W.P. Clements Unit
9601 Spur 591
Amarillo, TX 79107

Please amend as necessary to reinstate. ALL grounds, including only prosecatorial misconduct, related IAC, Ground 25, etc. (Ground 1) also What's going on here is (ANY AND ALL) Criminal.

12

Judge,                                    Dec. 28, 2024

    I do not know how to reach my original counsel. I wish to enter into a reconciliation agreement with him (or maybe the United States) to forgive any negligence or ineffectiveness on his behalf. I still maintain I am not guilty of this alleged offense — because I am not — but I also do not believe that to be my attorney's fault.

    Further, I am constantly harassed and threatened here, and constantly warned that some outstanding greivance exists against me. It is my hope this can be a part of such a meeting.

Attorney: R.P. "Skip" Cornelius

* This is not intended to forfiet pursuing these constitutional issues which could impact many.

Kind Regards,

Ron Obsens

#02204902

CAUSE NO. 4:22-cv-03614

To The Honorable Judge of This Court:

I have written before about the improper fear or threats amounting to or resulting in fear, concerning what grounds I should follow these through with and a factor of intimidation to not pursue certain claims, especially my prosecutorial misconduct claims and large scale claims. I have noticed this court several times about it. I need to ask the court to intervene in some sort of way. My work is being stolen here at the unit, I have been cut off from the world so that I may not contact anyone for help, and the community here constantly attempts intimidation tactics in order to get me to not pursue those all too important claims. I wish to place an injunction on all grounds raised in my pleadings, I wish to re-instate all grounds, (including Ground 25 - to be included - all grounds) that I have been improperly influenced to defer until a later time. Please accept my apologies, and thanks for understanding and Grace.

I fear that I amay need to be moved from this unit of confinement. I do not understand what all is going on around me, but it has to be completely impropr and illegal. I attempted to reach out to ministries for help, but they apparently are intent on taking advantage of me and the grounds that I have raised. I can only assume that the grounds involved are of a high high value and I am currently under siege of an attack meant to obtain the rights to the intellectual property involved. I cannot control my environment, and I cannot reach the free world because when I write personal letters concerning anything that goes on here, it never gets to its destination. I nae nedd the help of the court.

Again, pleasd reinstate all grounds. If an amendment is allowed or even considered, then it will take a lot longer than 3 weeksm. I ask that the court grant any extension of time available to correct the grounds that have been either removed because of impropoer influence or which have been stolen from me through acts of subterfuge and my attempt to reach out for help from ministried. I have never given ANY permission for someone to usurp my grounds. I have only reached out for help and offered a partnership in order to tget that help, but have herard nothing in returnmm. Please judge, do not allow these culprits to benefit from their acts of terrorism and illegal acts.

I declare under penalty of perjury that the information included is true. 28 USC 1746

Kind Regards,

EXECUTED on this the 29th day of December, 2024.

Signed: Roy Ussery

Roy Eugene ussery
W.P. Clements unit
9601 Spur 591
Amarillo, TX 79107

over ↓

Judge, the law library here has been removing my work from my legal filings. I only know this because I asked the mailroom to stop some mail to send it back to me when it got there from the law library. When I got it, an entire ground (Ground 4). was missing.

Please allow no one access to my case now. I want all my grounds returned. I've never given such permission. If there is an issue, please call me to the court to settle the issue. I did not seek someones help for them to rip me off in ways I don't understand.

Cause No. 422-CV-03614

Judge Charles Eskridge,

There has been entirely too much interference with me and my case at this facility. There are people around me who work to sabatage me or steal intellechial property. Can an injunction be issued to stop others from using the grounds created by me until my case is completed? Further, because I have grounds that can help many people, ~~if my IAC claims will~~ ~~prevent this throughout court the I want~~ ~~to cancel any claims which will~~ interfere. Look, Judge, they've cut me off from communicating with anyone. They've made up lies on me, and now it seems whatever group is in charge of this has spent the last several years destroying me. I'm afraid I'm not only the focus of a current scam, but also

(1)

Many of my other family members died early on during this false accusation. Being cut off from everyone I cannot check on anyone. Look, my grandparents were part of the cherokee in Oklahoma, and died on my fathers side. 10 years or more ago. I heard they may have left behind some property of value that maybe is a partial driving force to what is going on? Judge, I know I've been smeared and it likely appears like I'm not a great person. — I did not commit this crime. With as hidden and basically kidnapped as I've become, I believe this is a lot bigger than just some false allegation. I believe a criminal group, the A.B. and/or M.M. is involved.

I declare under penalty of perjury that the information included in this letter is true and correct.
12/29/2024   28 USC 1746

Zeer USsery
W. P. Clements
9601 SPUR 591
Amarillo, TX 79107



W.P. Clements Unit
9601 SPUR 591
Amarillo, TX 79107

Amarillo, TX 791
THU 02 JAN 2025 PM

United States Courts
Southern District of Texas
FILED
JAN 06 2025
Nathan Ochsner, Clerk of Court

Legal Mail

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE · CORRECTIONAL
INSTITUTIONS DIVISION

Judge Charles Eskridge
U.S. Dist. Court for
the Southern Dist. of Texas
P.O. Box 61010
Houston, TX 77208